## Lucas v. City of Macomb.

1. *Cities and Villages—Peddler's License—Ordinances.*—An ordinance may be partly good and partly bad, when the parts are, in themselves, entire and distinct from each other. The difficulty is in determining whether the good and bad parts are capable of being separated.

2. *Ordinance—Void in Part, Void in All.*—A city ordinance enacted that "any person who shall, within the limits of said city, without procuring a license therefor, carry on the trade, business or occupation of (among others) peddler, shall on conviction thereof, forfeit to said city

Lucas v. City of Macomb.

not less than $5.00 nor more than $200 for each offense," with a proviso "that no license shall be required for the selling of any articles manufactured and sold by *bona fide* residents of said city, or that are exempt from license by the statute of the State of Illinois, or for orders and sales at wholesale." It was conceded that the proviso was void, but contended that the proviso might be rejected and the rest of the ordinance upheld as valid. *It was held* that the proviso was so connected with the preceding portion of the ordinance, as a condition, consideration or compensation for it, as to warrant the conclusion that the parts were intended as a whole and that one part would not have been adopted without the other, and that the ordinance is void.

**Memorandum.**—Action for violation of an ordinance. Writ of error to the McDonough Circuit Court, rendered in that court to reverse a judgment in favor of the appellee; the Hon. Charles J. Scofield, Circuit Judge, presiding. Heard in this court at the November term, 1892. Opinion filed March 6, 1893.

## Plaintiff's Statement of the Case.

On March 7, 1892, plaintiff in error was arrested by the marshal, on view, charged with violating one of its alleged ordinances, which prohibited peddling without a license.

He was subsequently tried before a justice of the peace, and fined $5 and costs; an appeal was taken to the Circuit Court of McDonough; a jury was waived, the cause was there tried, and he was fined $5 and costs.

## Plaintiff's Brief, Geo. D. Sherman & Wm. W. Tunnicliff, Attorneys.

" An ordinance can be partly good and partly bad only when the parts are, in themselves, entire and distinct from each other." 17 Am. and Eng. Ency. Law, p. 265.

"Must be impartial, fair and general, as it would be unreasonable and unjust to make, under the same circumstances, an act done by one person penal, and if done by another not so; ordinances which have this effect can not be sustained. Special and unwarranted discrimination, or unjust or oppressive interference in particular cases, is not to be allowed. The powers vested in municipal corporations should, so far as practicable, be exercised by ordinances general in their nature and impartial in their administra-

tion." Dillon, Municip. Corp., Sec. 256; Tugman v. City of
Chicago, 78 Ill. 405; City of Chicago v. Rumpff, 45 Ill. 90;
Hoefling v. City San Antonio (Tex.), 20 S. W. Rep. 85, June
20, 1892; City of Lake View v. Tate, 130 Ill. 247; Mayor
v. Althorp, 5 Cald. 554; Ex Parte Frank, 52 Cal. 606, 28
Am. B. 642; Shreveport v. Levy, 26 La. Ann. 671, 21 Am. R.
553; Ward v. State of Maryland, 12 Wall. 418; Lassen Co.
v. Cone, 17 Pac. Rep. 100; St. Louis v. Spiegel, 28 W. Rep.
839 (Mo. January 31, 1887); Barthet v. City New Orleans,
24 Federal Rep. 563; Village of Braceville v. Doherty, 30
Ill. App. 645; Twining v. City of Elgin, 38 Ill. App. 356.

If a statute or ordinance is in reality directed against cer-
tain persons who are engaged in a given business, or against
certain commodities in such a manner as to discriminate be-
tween the persons who are engaged in the same trade or
pursuit, in aid of some at the expense of others, such a
statute or ordinance is not a police, but a trade regulation;
a law that should prohibit all persons peddling goods manu-
factured in other States and permit the same persons to
peddle goods of the same character manufactured in this
State would be a trade regulation. So a law forbidding a
peddler's license to a non-resident, but authorizing one to a
resident citizen would be bad. Borough of Sayre v. Phillips,
24 Atlantic R. 76. (Pa. April, '92); Webber v. Virginia,
103 U. S. 344; Ex Parte Thomas, 12 Pac. Rep. 53 (Cal. Oct.
'86); Rogers v. McCoy, 44 N. W. Rep. 99 (Dak. May '89);
Robey v. Smith, 30 (Ind.) N. E. Rep. 1093.

It is a delegated power and must be strictly construed.
Any reasonable doubt of the power of a municipal corpora-
tion to pass an ordinance will be resolved against it. 1
Dillon, Munic. Corp., 55, 251; Emmons v. City of Lewistown,
132 Ill. 380; Cooley, Taxation, p. 574.

DEFENDANT'S BRIEF, H. H. HARRIS AND BAILY & HOLLY,
ATTORNEYS.

That a portion of an ordinance may be void while the bal-
ance may stand as a good and valid ordinance, is well set-
tled in this State. Kettering v. City of Jacksonville, 50 Ill.
39; Harbaugh v. City of Monmouth, 74 Ill. 367; Town of

Lucas v. City of Macomb.

Greenfield v. Mook, 12 Brad. 281; Poyer v. Village of Des Plaines, 123 Ill. 111; Baker v. Town of Normal, 81 Ill. 108.

When an ordinance consists of two or more separate and independent parts, the invalidity of one part does not affect the validity of the others. Am. and Eng. Encyclopedia of Law, Vol 17, page 265; Wilcox v. Hemming, 58 Wis. 144; S. C., 46 Am. Rep. 625; Dillon, Municipal Corporations, Vol. 1, par. 421.

The section of the ordinance in controversy and the proviso attached, are entirely separate and distinct. The section is complete in itself. It in no way depends upon the proviso. It defines the offense and fixes the penalty. The proviso might be eliminated and a perfect and complete ordinance would be left. In such cases a section or proviso of an ordinance may be void, and the balance held valid and binding. State v. Hardy, 7 Neb. 377; Cooper v. Dist. of Columbia, 4 McArthur (D. C.), 250; Warren v. Mayer, 2 Gray (Mass.), 84; Dillon on Municipal Corporations, 3d Ed. par., 420.

Opinion of the Court, Wall, J.

The plaintiff in error was prosecuted before a justice of the peace upon a charge of violating an ordinance of the city of Macomb.

The case was removed by appeal to the Circuit Court where, a jury being waived, it was tried by the court. Judgment was entered in favor of the city, and the fine was assessed at $5, to reverse which the present writ of error was sued out.

The ordinance relied on read as follows:

" Sec. 1. That any person who shall, within the limits of said city, without procuring a license therefor, carry on the trade, business or occupation of (among others) peddler, shall on conviction thereof, forfeit to said city not less than $5 nor more than $200 for each offense. Provided that no license shall be required for the selling of any articles manufactured and sold by *bona fide* residents of said city, or that are exempt from license by the statute of the State of Illinois, or for orders and sales at wholesale."

It appeared by a stipulation of the parties that on the day charged in the complaint, the plaintiff in error carried with him and sold from place to place, within the city's corporate limits, certain bread knives, of three kinds and sizes, which were sold and delivered by him to various persons within said limits, who then paid him $1 per set of three knives; that at the time of said sales and delivery plaintiff in error had not procured a license as required by said ordinance, and he was then and there engaged in peddling and was a peddler according to the usually accepted meaning of the term; that said city was duly incorporated under the general laws of the State of Illinois; that plaintiff in error at the time of the alleged offense resided in the city and county of Peoria, in the State of Illinois, and was a citizen thereof, and of the United States; that all of said knives were manufactured at the city of Dayton, in the State of Ohio, and by the manufacturers shipped to him at Macomb, Illinois, where the same were so sold.

It is conceded by appellee that so much of the ordinance as is contained in the proviso which exempts *bona fide* residents who may sell articles manufactured in the city, is void, but it is contended that this proviso may be rejected and the residue of the ordinance may be upheld as valid.

An ordinance may be partly good and partly bad when the parts are in themselves entire and distinct from each other.

In Cooley on Const. Lim., 2d Ed., p. 178, it is said: " Where, therefore, a part of a statue is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject-matter, depending on each other, operating together for the same purpose, or otherwise so connected in meaning that it can not be presumed the legislature would have passed the one without the other.

The constitutional and unconstitutional portions may be contained in the same section, and yet be perfectly distinct and separable, so that the first may stand, and the last fall. The point is not whether they are contained in the same section, for the distribution into sections is purely artificial;

Lucas v. City of Macomb.

but whether they are essentially and inseparably connected in substance. * * *

The difficulty is in determining whether the good and bad parts of the statute are capable of being separated within the meaning of this rule. If a statute attempts to accomplish two or more objects, and is void as to one, it may still be in every respect perfect and complete as to the other. But if its purpose is to accomplish a single object only, and some of its provisions are void, the whole must fall, unless sufficient remains to effect the object, without the aid of the invalid part. And if they are so mutually connected with, and dependent on, each other as conditions, considerations, or compensations for each other, as to warrant the belief that the legislature intended them as a whole, and if all could not be carried into effect, the legislature would not pass the residue independently, then, if some parts are unconstitutional, all the provisions which are thus dependent, conditional or connected, must fall with them."

We are of opinion the proviso in question is so connected with the preceding portion of the ordinance as a condition, consideration, or compensation for it, as to warrant the conclusion that the parts were intended as a whole, and that the one part would not have been adopted without the other.

The suggestion is made that because the invalid portion is contained in the form of a proviso, there is no difficulty in rejecting it, and that there is then left a complete and perfect enactment. We perceive no force in the suggestion. The whole must be read together, and it is in effect as though the ordinance had simply provided that no non-resident person should be allowed to peddle any goods, nor should any person be allowed to peddle goods not manufactured in the city. State v. Sheriff, 51 N. W. 112 (Minn.); City of Shreveport v. Levy, 26 La. An. 671; City of Chicago v. Brownell, 41 Ill. App. 71; Village of Braceville v. Doherty, 30 Ill. App. 658.

We are of opinion the ordinance was void, and that judgment should have been for the appellant.

The judgment will be reversed and the cause remanded.