ANDREW CARLIN *vs*. WINSLOW M. BRACKETT.

April 20, 1888.

**Estoppel—Judgment on Demurrer.**—A judgment upon the facts of an action, as presented in the complaint and confessed by a general demurrer, is upon the merits, and is as effectual as if there had been a verdict upon the same facts. To avoid the effect of such a demurrer as an admission of the facts pleaded, the party against whom the ruling is made should either amend or put in issue his adversary's allegations.

Appeal by plaintiff from an order of the district court for Hennepin county, *Hicks*, J., presiding, refusing a new trial.

*John H. Long*, for appellant.

*A. D. Smith*, for respondent.

COLLINS, J.[1] This is an action brought by plaintiff to recover the value of certain goods and chattels, alleged to have been unlawfully converted by defendant, and in which plaintiff claims to have had a special property. Among the defences interposed was that of a judgment in the district court for Hennepin county against the plaintiff upon the merits of the controversy, and for the same cause of action set forth in the complaint herein. Upon the trial in the court below said defence was sustained, a verdict found for defendant, and from an order refusing a new trial the plaintiff appeals. The record discloses that the complaint in the first case set out the cause of action more in detail, perhaps, than did the complaint in the case at bar, but they are the same in substance. To the first the defendant interposed a demurrer, upon the ground that it failed to state a cause of action, which, on argument, was sustained, with leave to amend. The plaintiff neglected to avail himself of this privilege, and on the 9th day of March, 1887, a judgment was duly entered by the defendant that he recover certain costs and disbursements, and that plaintiff take nothing by the action, which judgment has not been modified or reversed, and which was rendered, as has been seen, upon allegations of fact substantially identical with those set forth in the com-

[1] Mitchell, J., was absent, and took no part in this case.

plaint in the case now being considered. This judgment was upon the merits of the action as presented by the complaint and admitted by the demurrer, and is as effectual as if there had been a verdict upon the same facts, for they are established by way of record in either case. And when once established, the litigation, as between the same parties and those in privity, is at an end. To avoid the effect of a demurrer as a confession of the facts set forth in the pleading, the party against whom the ruling is made must either amend or take issue. Gould, Pl. c. 9, § 43; *Gould* v. *Evansville, etc. R. Co.*, 91 U. S. 526; *Bissell* v. *Spring Valley Township*, 124 U. S. 225, (8 Sup. Ct. Rep. 495.) See, also, *Thomas* v. *Joslin*, 36 Minn. 1, (29 N. W. Rep. 344.)

Order affirmed.