STATE *ex rel.* WM. B. McCUE *vs.* SHERIFF OF RAMSEY COUNTY.

Argued Dec. 4, 1891. Decided Jan. 19, 1892.

**State Constitution, Art. 4, §§ 33, 34, Construed.**—Subjects of legislation may be classified under the constitution, but such classification must not be arbitrarily made. A statute must treat alike all of the class to which it applies, and must bring within its classification all who are similarly situated or under the same conditions.

**Sp. Laws 1889, Ch. 375, Held Unconstitutional.**—The classification attempted to be made in the act of the legislature of Minnesota, (Sp. Laws 1889, ch. 375,) declaring the emission of dense smoke within the city of St. Paul a nuisance, under certain conditions, *held* arbitrary and unauthorized.

—— **The Act Construed.**—Sections one (1) and three (3) of the act *held* to be so connected and related that both must stand or fall together.

*Habeas corpus* issued out of this court, December 1, returnable December 4, 1891, on petition of William B. McCue, who was then in the custody of the sheriff of Ramsey county.

Gates A. Johnson, building inspector, made complaint on oath, November 30, 1891, to the municipal court of the city of St. Paul, that said William B. McCue, in violation of Sp. Laws 1889, ch. 375, as amended by Sp. Laws 1891, ch. 38, did cause and permit the emission of dense smoke and soot in large quantities from the chimneys at No. 214 Eagle street, in said city, and within 1,000 feet of more than six occupied dwelling houses of said city, and that McCue's said premises were not a manufacturing establishment of any kind, and prayed that he be arrested and dealt with according to law. A warrant was thereupon issued out of said municipal court, and McCue was on December 1, 1891, arrested by Reuben B. Clewett, deputy sheriff, and brought into that court. McCue thereafter, on the same day, presented to this court his petition, setting forth these facts, and praying that a writ of *habeas corpus* issue directed to said Clewett, commanding that he have the body of petitioner before this court.

The writ was granted as prayed, and was made returnable on December 4, 1891, on which day Clewett produced said McCue, and made return that he held him in custody by virtue of the warrant issued by the municipal court of said city, and exhibited the warrant.

*McKean & Goodwin*, for petitioner.

Sp. Laws 1889, ch. 375, as amended by Sp. Laws 1891, ch. 38, is unconstitutional and void, and the arrest of McCue thereunder unlawful. The act is in violation of the constitution of this state, article four, (4,) sections thirty-three, (33,) thirty-four, (34.)

As every chimney at times emits dense smoke, thick smoke, or smoke in large quantities, it follows, if this statute is valid, that every chimney within 1,000 feet of six dwelling houses, or within 1,000 feet of a building of the public character named in the act, is a public nuisance; and every householder or occupant of a building in St. Paul, having six others within the prescribed distance, is guilty of maintaining a public nuisance, while every man fortunate enough to

own or occupy a building not having, within a distance of 1,000 feet, six other dwellings, or any building of a public character named in the act, or fortunate enough to have within a radius of 1,000 feet only five dwellings, may or may not maintain a nuisance, as the court may decide.

Section one (1) limits the operation of this law to the city of St. Paul. This is contrary to article four, (4,) section thirty-three, (33,) subdivision ten, (10,) of the state constitution. *Nichols* v. *Walter,* 37 Minn. 264. While it is true that a special law that includes all of a class may be constitutional, it is not possible that classes can be arbitrarily created in the manner attempted by this act.

*Daniel W. Lawler,* City Atty., and *J. C. Michael,* Asst. City Atty., for the sheriff and complainant.

The only question involved in this case is whether Sp. Laws 1889, ch. 375, as amended, is constitutional.

An ordinance of the city of Chicago, similar to this law, was upheld where the legislature had granted the common council authority "to declare what shall be a nuisance." *Harmon* v. *City of Chicago,* 110 Ill. 412.

For an exhaustive discussion of the question as to whether the emission of dense smoke, in a more or less thickly populated district, is a nuisance in fact, see Wood, Nuis. ch. 13; *Harley* v. *Merrill Brick Co.,* 83 Iowa, ——.

There is no restriction in the constitution of this state as to the enactment of local or special laws, except certain subjects enumerated in article four, (4,) section thirty-three, (33,) which do not include this class of legislation.

A provision of a state constitution that "all laws of a general nature shall have a uniform operation throughout the state" does not inhibit the passage of appropriate local acts. *State* v. *Covington,* 29 Ohio St. 102.

The law is not bad because it exempts manufacturing establishments, for the reason that it applies equally to all who come within its provisions, and the exemption extends equally to all manufacturers who bring themselves within the rule of exemption. Cooley, Const. Lim. (4th Ed.) 488 *et seq.; Schimmele* v. *Chicago, M. & St.*

*P. Ry. Co.,* 34 Minn. 216; *Merritt* v. *Knife Falls Boom Co.,* Id. 245; *Johnson* v. *Chicago, M. & St. P. Ry. Co.,* 29 Minn. 425; *People* v. *Lewis,* 86 Mich. 273.

VANDERBURGH, J.   The relator was arrested upon a charge of creating or maintaining a nuisance in violation of Sp. Laws 1889, ch. 375, declaring the emission of dense smoke within the city of St. Paul, under certain circumstances, a nuisance, and prescribing a penalty.   He is brought before this court upon *habeas corpus,* and asks to be discharged on the ground of the invalidity of the act in question.   One of the chief objections urged against its constitutionality is that it is partial or class legislation.   Section one (1) prohibits the emission of dense smoke within the city, with certain limitations as to distance, location, and surroundings; section two (2) prescribes the penalty; and section three (3) is as follows: "Nothing herein contained shall be construed to apply to manufacturing establishments, using the entire product of combustion, and the heat, power, and light produced thereby, within the building wherein the same are generated, or within a radius of three hundred (300) feet therefrom."   Legislation in different forms relating to particular classes or subjects has been under consideration by this court in *County of Hennepin* v. *Jones,* 18 Minn. 199, (Gil. 189;) *Bruce* v. *County Com'rs of Dodge Co.,* 20 Minn. 388, (Gil. 339;) *Johnson* v. *Chicago, M. & St. P. Ry. Co.,* 29 Minn. 425, 431, 432, (13 N. W. Rep. 673;) *Herrick* v. *Minneapolis & St. Louis Ry. Co.,* 31 Minn. 11, (16 N. W. Rep. 413;) *Merritt* v. *Knife Falls Boom Co.,* 34 Minn. 245, (25 N. W. Rep. 403;) *Nichols* v. *Walter,* 37 Minn. 264, (33 N. W. Rep. 800;) *State* v. *Spaude,* 37 Minn. 322, (34 N. W. Rep. 164;) *Lavallee* v. *St. Paul, M. & M. Ry. Co.,* 40 Minn. 249, (41 N. W. Rep. 974;) *Johnson* v. *St. Paul & D. R. Co.,* 43 Minn. 222, (45 N. W. Rep. 156;) *State* v. *Donaldson,* 41 Minn. 74, (42 N. W. Rep. 781.)   In *Nichols* v. *Walter, supra,* it was held that a law was general and uniform in its operation which operates equally upon all the subjects within the class for which the rule is adopted, but that the legislature cannot adopt an arbitrary classification, though it be made to operate equally upon each subject within the class; and the classification must be based on some reason suggested by such a difference in the situation and

circumstances of the subjects placed in different classes as to disclose the necessity or propriety of different legislation in respect to them. In *State* v. *Donaldson*, 41 Minn. 74, (42 N. W. Rep. 781,) a distinction or classification of dealers in medicines, based on the location of their places of business in respect to distance from drug stores, was held reasonable, and not a mere arbitrary distinction. In *Johnson* v. *St. Paul & D. R. Co.*, 43 Minn. 222, (45 N. W. Rep. 156,) this court, in dealing with Laws 1887, ch. 13, defining the liability of railway companies to their employes, said, in substance, that not only must the statute treat alike, under the same conditions, all who are brought within it, but in its classifications it must bring within it all who are under the same conditions. "Such law must embrace all and exclude none whose condition and wants render such legislation necessary or appropriate to them as a class." *Randolph* v. *Wood*, 49 N. J. Law, 85, (7 Atl. Rep. 286,) This language is, of course, used in a broad and general sense, and is not to be given so technical or narrow a construction as to interfere with practical legislation. But applying the rule, as well established in this court, to the legislation under consideration, it can hardly stand the test of legal criticism. The provisions of section three (3) are somewhat obscure; but the only fair and reasonable construction to be given it is that it is intended to except a class of manufacturers who limit the use of the heat, light, and power resulting from the combustion of smoke producing material wholly within the prescribed radius. The counsel for the state contend that this must apply equally to all within the designated class, and that the exception thus made in the operation of the act is a reasonable one, because, from the nature of the prescribed limitations, the public injury or annoyance from the emission of smoke from such establishments would be not serious or specially objectionable to the public. The argument applies in so far as the particular class who are excepted from the operation of the statute is concerned, but it does not reach the objection that the classification is not sufficiently broad. No arbitrary distinction between different kinds or classes of business can be sustained, the conditions being otherwise similar. The statute is leveled against the nuisance occasioned by dense smoke, and it can

make no practical difference in what business the owners or occupants of the buildings in which such smoke is produced are engaged, or whether the heat evolved from the combustion of the fuel producing such smoke is applied to the generation of steam or other useful purposes; or, further, whether steam power is used in manufacturing, or is applied to other uses, as a grain elevator or hoisting apparatus in a warehouse. We are obliged to hold that the distinction or classification attempted to be made is untenable. Section three (3) must be read in connection with section one, (1,) and is evidently intended to be a limitation upon the latter section, and is so connected with it that its provisions must be regarded as inseparable from the general purpose and object of the act, so that the whole must stand or fall together. For these reasons we hold the act invalid.

The petitioner is therefore discharged.

COLLINS, J., absent, and took no part.

(Opinion published 51 N. W. Rep. 112.)