JACOB SWANSON v. GREAT NORTHERN RAILWAY COMPANY.

June 23, 1898.

Nos. 11,174—(165).

Judgment upon Demurrer to Complaint—Second Action upon Same Cause of Action.

If a demurrer is sustained on the ground that a complaint fails to state facts sufficient to constitute a cause of action, a judgment of dismissal thereon, on the merits, is no bar to a second action, in which there is a good complaint, although the respective actions were instituted to enforce the same right.

Action in the district court for Hennepin county to recover $10,000 for personal injuries. The answer set up a former judgment as a

bar. Defendant moved for judgment on the pleadings. Plaintiff made a cross motion for leave to amend his reply and put in issue the plea of res judicata. The court, McGee, J., denied plaintiff's motion for the sole reason that the former judgment was a bar to the maintenance of the action, and for the same reason granted defendant's motion. From a judgment entered in pursuance of the order, dismissing the action, plaintiff appealed. Reversed.

*Frank W. Booth*, for appellant.

The causes of action are distinctly different. The first complaint proceeded on the theory that plaintiff, being unfamiliar with the work and location, was entitled to recover for injuries resulting from the giving-way of the lateral support of earth and gravel at the bottom of the gravel hill, by reason of the dangerous and unsafe condition of the same, upon which he had been ordered by respondent. This complaint proceeds upon the theory that respondent had weakened the top of the bank by blasts, of which fact the appellant was ignorant, and that solely by reason of these blasts the bank fell and he was injured. West v. Hennessey, 58 Minn. 133. It is not an uncommon occurrence that, where a party under a mistake of law or fact attempts to recover by alleging a certain state of facts as his cause of action and is defeated, he can recover upon another statement of facts, constituting a different cause of action, although the transaction referred to and the relief sought in both actions are the same. Irish American Bank v. Ludlum, 56 Minn. 317; Wheelock v. Svensgaard, 63 Minn. 486. The first action comes within the rule laid down in the following cases: Olson v. McMullen, 34 Minn. 94; Pederson v. City of Rushford, 41 Minn. 289; Quick v. Minnesota Iron Co., 47 Minn. 361. The second action comes within the rule laid down in the case of Carlson v. Northwestern Tel. Ex. Co., 63 Minn. 428, and other cases which will be cited later in this brief. The judgment in the first action is not a bar to this action. Cromwell v. County of Sac, 94 U. S. 351; Memphis City Bank v. Tennessee, 161 U. S. 186; Cobb v. Fogg, 166 Mass. 466; Nashua v. Boston, 164 Mass. 222; Ryan v. Potwin, 62 Ill. App. 134; Northern Pacific R. Co. v. Smith, 32 U. S. App. 573; Maloney v. Nelson, 70 Hun, 202; Ladew v. Hart, 8 App. Div. 150;

Condon v. Knoxville (Tenn.) 35 S. W. 781; Harper v. Baird (Ky.) 35 S. W. 638; Rackley v. Fowlkes (Tex. Civ. App.) 36 S. W. 75; Reynolds v. Lincoln, 71 Cal. 183; Greene v. Bank, 73 Miss. 542; Schwan v. Kelly, 173 Pa. St. 65. This complaint states a cause of action. Carlson v. Northwestern Tel. Ex. Co., supra; Russell v. Minneapolis & St. L. Ry. Co., 32 Minn. 230; Cook v. St. Paul, M. & M. Ry. Co., 34 Minn. 45; Wuotilla v. Duluth Lumber Co., 37 Minn. 153.

*W. E. Dodge*, for respondent.

A judgment for the defendant, upon general demurrer to a complaint, is one upon the merits. Carlin v. Brackett, 38 Minn. 307. Every judgment is held to decide directly every matter which pertains to the cause of action or defense set up in the action, or which is involved in the measure of relief to which the cause of action or defense entitles the party, even though such matter may not be set forth in the pleading so as to admit of the proof and call for an actual decision upon it. Carlin v. Brackett, supra; Thompson v. Myrick, 24 Minn. 4; Cromwell v. County of Sac, 94 U. S. 351; Harris v. Harris, 36 Barb. 88; State v. Torinus, 28 Minn. 175; Gage v. Holmes, 12 Gray, 428; Dwyer v. Goran, 29 Iowa, 126; Bazille v. Murray, 40 Minn. 48; Steinbach v. Insurance Co., 77 N. Y. 498; Hobby v. Bunch, 83 Ga. 1; Lorillard v. Clyde, 122 N. Y. 41; Gould v. Evansville & C. Ry. Co., 91 U. S. 526; Bissell v. Spring Valley T. Co., 124 U. S. 225.

COLLINS, J.[1]

This is the second action brought to recover for injuries plaintiff claims to have received while in defendant's employ. To a complaint in the first a general demurrer was filed, and on appeal this court reversed an order made below overruling the demurrer. Swanson v. Great Northern Ry. Co., 68 Minn. 184, 70 N. W. 978. We there held that the complaint did not contain facts sufficient to constitute a cause of action. Judgment of dismissal on the merits, with costs, was then rendered, and entered in the district court in defendant's favor.

The allegations found in the complaint in the present action are

[1] BUCK. J., did not sit.

not identical with those found in the other complaint, although referring to the same accident. In addition to what had been set forth in the other complaint, it was here alleged that, on the day before the accident, holes had been drilled by defendant in the dirt and gravel at the top of the hill, in which powder had been placed and then exploded for the purpose, and which had the effect, of loosening the earth, so that it could be more easily removed; that of this plaintiff had no knowledge; and that defendant then negligently and wantonly set him at work at a place directly underneath this loosened material, which fell upon and injured him. There are other allegations in respect to the blasting and the cause of the injury, which need not be specially referred to.

In passing on the motion, the court below assumed, and rightly, we think, that a cause of action was stated; that new facts sufficient for a recovery had been alleged; and that it was, at least for the jury, to determine whether defendant owed to plaintiff the duty of supervision under the circumstances, in order to protect him from unnecessary dangers. On the new facts set forth, it could not be held as a matter of law, under the doctrine of the "gravel pit cases," that plaintiff assumed the risks of the employment. See Hill v. Winston, supra, page 80. This being the condition, the court below erred when it granted defendant's motion for judgment on the pleadings on the sole ground that the abovementioned judgment—pleaded in the answer herein—was a bar to the maintenance of this action.

The following rules are deducible from the authorities, and are laid down in Gould v. Evansville & C. R. Co., 91 U. S. 526, 533:

"(1) That a judgment rendered upon demurrer to the declaration or to a material pleading setting forth the facts, is equally conclusive of the matters confessed by the demurrer as a verdict finding the same facts would be, since the matters in controversy are established in the former case, as well as in the latter, by matter of record; and the rule is, that facts thus established can never after be contested between the same parties or those in privity with them. (2) That if judgment is rendered for the defendant on demurrer to the declaration, or to a material pleading in chief, the plaintiff can never after maintain against the same defendant, or his privies, any similar or concurrent action for the same cause upon the same grounds as were disclosed in the first declaration; for the reason

that the judgment upon such a demurrer determines the merits of the cause, and a final judgment deciding the right must put an end to the dispute, else the litigation would be endless.  *  *  *  Support to those propositions is found everywhere; but it is equally well settled, that, if the plaintiff fails on demurrer in his first action from the omission of an essential allegation in his declaration, which is fully supplied in the second suit, the judgment in the first suit is no bar to the second, although the respective actions were instituted to enforce the same right; for the reason that the merits of the cause, as disclosed in the second declaration, were not heard and decided in the first action."

We need not multiply authorities on this point, but see Hughes v. U. S., 4 Wall. 232; Bennett v. Southern, 61 Mo. App. 297; Terry v. Hammonds, 47 Cal. 32; Birch v. Funk, 2 Metc. (Ky.) 544. And in West v. Hennessey, 58 Minn. 133, 59 N. W. 984, this court said, at page 137:

"It is not an uncommon occurrence that a party, under a mistake of law or fact, attempts to recover by alleging a certain state of facts as his cause of action, and is defeated; but this is no bar to his recovery on another statement of facts, constituting a different cause of action, although the transaction referred to and the relief sought in both actions are the same."

The judgment entered after the former appeal merely pronounced the complaint therein involved insufficient, because a good cause of action was not stated. It determined that the case there presented by the pleading was without merit, and to that extent only was there any decision upon the controversy. The facts set out in the present complaint, and especially those which render it a sufficient pleading, have never been litigated or passed upon in any way; and "it is therefore illogical and an abuse of terms to say that the judgment relied upon is a judgment upon the merits of the present case, and for that reason must operate as a bar." Nor was anything said in Carlin v. Brackett, 38 Minn. 307, 37 N. W. 342, in opposition to the views now expressed on the subject. There the record disclosed that the complaints in both actions were identical, in substance; and it was simply held, upon all the authorities, that a judgment upon the merits of a case as presented by a complaint and

a general demurrer thereto was as effectual as if it had been based upon a verdict upon the facts presented.

Judgment reversed.