EDWIN MURRAY v. BOARD OF COUNTY COMMISSIONERS OF RAMSEY COUNTY.[1]

November 14, 1900.

Nos. 12,402—(103).

| 81 | 359 |
| 81 | 488 |
| 81 | 492 |
| 81 | 359 |
| 83 | 297 |
| 81 | 359 |
| 85 | 439 |
| 85 | 440 |

**Laws 1897, c. 260, Unconstitutional.**
   Laws 1897, c. 260, entitled "An act to provide for the treatment of inebriates by counties and prescribing rules governing the same," is uncon-

---

[1] Reported in 84 N. W. 103.

stitutional, in that it is special legislation as to the affairs of counties, and is not uniform in its operation throughout the state.

Action in the district court for Ramsey county by Edwin Murray, doing business under the name and style of the Murray Institute, to recover $100 for the treatment of an inebriate, committed to said institution under the provisions of Laws 1897, c. 260. From an order, Brill, J., overruling a demurrer to the complaint, defendant appealed. Reversed.

*F. W. Zollman,* for appellant.

*M. Gallagher,* for respondent.

START, C. J.

The question presented by the record in this case for our decision relates to the constitutionality of Laws 1897, c. 260, entitled "An act to provide for the treatment of inebriates by counties and prescribing rules governing the same." The defendant urges several objections to the validity of this act, but we find it necessary to consider only one of them, which is to the effect that the act violates sections 33 and 34 of article 4 of the state constitution, in that it is special legislation as to the affairs of counties, and is not uniform in its operation throughout the state.

The act provides for the commitment to, and treatment in, a private institution for the cure of inebriates, at the expense of the county of their residence, of a limited number of indigent, habitual drunkards, on their petition, or that of some friend or kin, to the probate court. Whether an indigent inebriate shall be so treated is made by the act to depend upon his voluntary election. If he elects to avail himself of the proffered bounty, and makes or consents to the making of the proper petition, the probate court may act, otherwise not; and the county must pay for his treatment if he establishes the allegations of his petition, but no more than one inebriate a year for each ten thousand population of each county can receive such aid. The act, by its terms, is limited in its operation to counties having a population of fifty thousand or more. A similar act, which applied to the whole state, was held by this court to be invalid, because it attempted to confer powers and duties upon the probate judges beyond the jurisdiction authorized by the con-

stitution. Foreman v. Board of Co. Commrs., 64 Minn. 371, 67 N. W. 207.

By the act here in question, an attempt was made to remove the objections to the prior act pointed out in the case cited. It may be conceded, for the purpose of this appeal only, that such objections were so obviated. But, the act being limited in its operation to a part only of the state, it is manifestly special legislation, and void, unless the attempted classification is a proper one. What is a proper basis of classification for purposes of legislation has been settled by this court, so far as it is practicable to lay down general rules upon the subject. The difficulty lies in the application of the rules to particular cases. A law is general and uniform in its operation which operates equally upon all subjects within the class for which the rule is adopted, provided the classification be a proper one. The legislature, however, cannot adopt an arbitrary classification; for it must be based on some reason suggested by such a difference in the situation and circumstances of the subjects placed in different classes as to disclose the necessity or propriety of different legislation in respect thereto. Any law based upon such classification must embrace all, and exclude none, whose condition and wants render such legislation necessary or appropriate to them as a class. Legislation limited in its relation to particular subdivisions of the state, to be valid, must rest on some characteristic or peculiarity plainly distinguishing the places included from those excluded. Nichols v. Walter, 37 Minn. 264, 33 N. W. 800; State v. Cooley, 56 Minn. 540, 58 N. W. 150; State v. Ritt, 76 Minn. 531, 79 N. W. 535.

Classification on the basis of population is proper for the purpose of legislation upon certain subjects, but not upon all, and the precise question here to be determined is whether there is any apparent natural reason why the treatment of indigent inebriates at the expense of the public should be limited to the counties having a population of fifty thousand or more, and all other counties excluded. Or, in other words, is there such a difference between urban and rural drunkenness, and its consequences to the drunkard, his family and the public, as to naturally suggest the necessity or propriety of a classification on the basis of population for the purpose of legis-

lation upon the subject of the cure, at the cost of the public, of indigent inebriates? It would seem that this question must necessarily be answered in the negative.

It is claimed, however, by the plaintiff, and such was the view of the learned trial court, that drunkenness is a greater evil to the public, and that the proportion of drunkards was likely to be larger, and that their families were more likely to become a public charge, in the cities and populous communities than in more sparsely settled rural districts; hence the purpose of the law was to protect the public in such populous centers rather than to benefit the inebriate, and for these reasons the classification was proper. This assumed difference between drunkenness in the city and in the country is one of degree, not a distinguishing characteristic. The evils of intemperance are not bounded by county lines. Possibly drunkenness in the large cities of the state is more general and a greater evil, and its consequences to individuals and the public more far reaching, than it is in less populous communities; but, if so, it affords no justification for the classification in the act here in question, for it is obvious, from the mere reading of the act, that the legislature intended by it to make provision in the nature of a bounty for the inebriate poor in a limited number of the counties of the state, and to exclude from the benefit of the act all the inebriate poor outside of such counties. Foreman v. Board of Co. Commrs., supra.

The act leaves it optional with the drunkard whether or not proceedings shall be instituted to secure his treatment, and only one inebriate for each ten thousand population can be treated in any one year. If the primary purpose of the law was to protect the public from the results of drunkenness by curing the inebriate, why leave it optional with him, or limit the cure to one patient to each ten thousand of population? The purpose of the law being to provide a bounty to needy inebriates, to the end that they may be cured of their disease, and the public thereby incidentally benefited, there is and can be no reason, necessity, or propriety for discrimination against any of them. Hence the classification on the basis of population, for the purpose of legislating for the relief of such indigent inebriates, is purely arbitrary, and the act unconstitutional. It is

as clearly so as would be a law providing for the care of insane persons or the poor of a limited number of counties at the cost of such counties, and excluding the insane and poor of all the other counties of the state from the operation of the act.

While we hold the law unconstitutional for the reason stated, we are not to be understood as holding that if the primary purpose of this act had been to protect the public from the consequences of drunkenness, by curing the inebriates of the disease, there is such a difference in the wants and needs in this respect of the counties included within the act and those excluded as to justify the classification attempted in this act; for we are of the opinion there is not. Nor are we to be understood as holding that a general act, uniform in its operation throughout the state, providing for the treatment of inebriates at the expense of the public, would not be a valid law; for reclaiming the inebriate, who is incapable of self-respect or self-support, and restoring him to society prepared again to discharge the duties of citizenship, directly promotes the public welfare. State v. Cassidy, 22 Minn. 312, 321. The act here in question being invalid, it follows that the complaint in this action fails to state a cause of action, and that the demurrer to the complaint should have been sustained.

Order reversed.