STATE v. WALTER A. POCOCK.[1]

January 2, 1925.

No. 24,502.

**Rest act for employes unconstitutional.**

1. Chapter 298, Laws of 1923, providing that employes shall be given one day of rest in each week in certain specified employments, but excluding certain other specified employments from the operation of the act, violates the equality provisions of both state and Federal Constitutions and is void.

Upon information of the county attorney of Ramsey county defendant was charged with the violation of L. 1923, c. 298, tried in the district court for that county before Olin B. Lewis, J., who overruled defendant's demurrer to the information and certified the questions found in the first paragraph of the opinion.

*Oppenheimer, Peterson, Dickson & Hodgson* and *Montreville J. Brown*, for appellant.

*Clifford L. Hilton*, Attorney General, *Ernest C. Carman*, Assistant Attorney General, *Harry H. Peterson*, County Attorney, and *O. A. Blanchard*, Assistant County Attorney, for respondent.

TAYLOR, C.

An information was filed against the defendant, the proprietor of the Frederick Hotel in the city of St. Paul, charging him with having violated the provisions of chapter 298 of the Laws of 1923 by employing one Albert Choulsett "in and about a power plant stationary boiler and engine room" of the hotel more than six days in one week. The defendant demurred to the information. The trial

[1]Reported in 201 N. W. 610.

court overruled the demurrer and then certified the following questions to this court:

"1. Is Chapter 298, General Laws of Minnesota 1923, under which the information is preferred, repugnant to section 1 of the fourteenth amendment of the Constitution of the United States, and therefore unconstitutional and void?

"2. Is Chapter 298, General Laws of Minnesota 1923, under which said information is preferred, repugnant to section 7 of article 1 and sections 27, 33 and 34 of article 4 of the Constitution of Minnesota, and therefore unconstitutional and void?"

Defendant concedes that the act would be a constitutional exercise of the police power if it applied to all who were in the same situation, but contends that it violates the equality provisions of both the state and Federal Constitutions by excepting from its operation those performing the same duties in some 20 lines of business.

Section 1 of the act provides:

"No person shall be employed in, or about, any mechanical or mercantile establishment, factory, foundry, laundry, power plant or stationary boiler or engine room, in this state, more than six days in any one week; provided, however, that this act shall not apply to employees of any common carrier by steam or gasoline or electric railway, nor employees of hospitals, clinics, sanitoriums or dispensaries, who are directly employed in the care of the sick nor to the employees of any telegraph or telephone company or employees engaged in conducting the telegraph or telephone business, nor to employees of any undertaker, undertaking establishment, cemetery association or company, nor to employees of newspaper plants, nor to employees in any canning factory or establishment, nor to employees engaged in the burning of kilns in potteries, sewer pipes or brick and tile factories where continuous fire is necessary, nor to employees in any creamery or cheese factory, in any town, village or city of the third or fourth class, nor employees engaged in the burning of lime or hydrating of lime, nor employees engaged in the manufacture of salt or refining of salt, nor to places of public amusements, nor to automobile garages, repair shops and oil filling sta-

tions, nor to licensed pharmacists or assistant pharmacists, nor to persons engaged in caring for live stock, nor to any employee working in or in connection with any flour mill or the operation thereof or in or in connection with the milling industry or carrying on the same, nor heating plants in any building or edifice, when only one person is employed therein, nor to works of necessity or emergency whether caused by fire, flood, or danger to life and property, or otherwise, nor to these engaged in military or naval service."

Section 3 makes it a criminal offense for any employer to require or permit an employe

"to work in any of the places or employments mentioned in section 1 of this act and not excluded from the provisions thereof, more than the number of days provided for therein, during any week."

That the legislature may enact laws which apply only to a specified class is beyond question. But under the equality provisions of both the state and Federal Constitutions all similarly situated must be brought within the class and all within the class must be treated alike. Johnson v. St. Paul & Duluth R. Co. 43 Minn. 222, 45 N. W. 156, 8 L. R. A. 419; State ex rel. v. Sheriff of Ramsey County, 48 Minn. 236, 51 N. W. 112, 31 Am. St. 650; State ex rel. v. Wagener, 69 Minn. 206, 72 N. W. 67, 38 L. R. A. 677, 65 Am. St. 565; Murray v. Board of Co. Commrs. of Ramsey County, 81 Minn. 359, 84 N. W. 103, 51 L. R. A. 828, 83 Am. St. 379; State v. McCormick, 120 Minn. 97, 138 N. W. 1032; State v. C. M. & St. P. Ry. Co. 114 Minn. 122, 130 N. W. 545, 33 L. R. A. (N. S.) 494, Ann. Cas. 1912B, 1030; Seamer v. G. N. Ry. Co. 142 Minn. 376, 172 N. W. 765; State v. Dirnberger, 152 Minn. 44, 187 N. W. 972; State ex rel. v. Parr, 109 Minn. 147, 123 N. W. 408, 134 Am. St. 759.

The statute in question is a sanitary measure enacted to promote the health and general welfare of employes by affording them one day of rest in each week. To be valid it must operate alike upon all who are similarly situated. If it selects particular employes of the class and gives to them privileges which it withholds from other employes of the same class; or if it selects particular employers of the class and imposes upon them burdens and restrictions

from which it exempts other employers of the same class, it denies the equal protection of the laws to those discriminated against and thereby violates the constitutional mandate.

The legislature undoubtedly may except from the operation of such a law employments and activities the suspension of which would be detrimental to the public, and also those where continuous operation is essential, or where other differences of situation, condition or resulting consequences furnish a reasonable ground for excepting them from such a restriction. But, if it brings the employes of one establishment within the law and leaves those of another outside the law with no reasonable ground for not treating them alike, it violates the equality rule.

An examination of this statute shows that anyone who employs men in a power plant or boiler or engine room is within the law if the heat or power generated is used in a hotel, a shoe factory, a bakery or a restaurant, but is outside the law if it is used in a news paper plant, a place of public amusement, a cannery, a flour mill, an automobile garage or repair shop, or a creamery or cheese factory located in a city of the third or fourth class. The need for a day of rest is the same whether the employe is generating heat and power for use in one or another of the lines of business mentioned, and the excluded employes are as clearly within the class which the law sought to benefit as are those brought within it. The statute cannot be sustained as creating a valid classification, unless there are conditions or exigencies peculiar to the excluded lines of business which furnish a reasonable ground for withholding the benefit of the act from employes engaged in such lines of business, while granting it to employes performing like services in all other lines of business. No differences in conditions have been pointed out, and none occur to us, that suggest a legitimate reason for saying that employes in hotels, bakeries, restaurants, factories, packing plants and machine repair shops shall have a day of rest, and that employes in places of amusement, newspaper plants, canneries, flour mills and automobile repair shops shall not. We know of no reason for exempting places of public amusement from the operation of the law that does not apply with at least equal force

to hotels which furnish accommodations for the traveling public at all times. We think the statute clearly violates both the state and the Federal Constitutions, and answer both questions in the affirmative.