WALTER J. DRISCOLL AND ANOTHER v. BOARD OF
COUNTY COMMISSIONERS OF RAMSEY COUNTY

January 23, 1925.

No. 24,461.

**Classification of counties on basis of assessed valuation improper.**
1. The assessed valuation alone is not a proper basis for classi-
fication of counties for the purpose of legislation authorizing certain
counties to acquire land and equip the same for recreation purposes.

**Such classification irrelevant to subject of act.**
2. Such classification is not germane to the subject of the law in-
volved.

**Act unconstitutional.**
3. Chapter 258, L. 1923, is unconstitutional.

**Doctrine of res judicata inapplicable to second action.**
4. An action was brought by one taxpayer to restrain the officials
from acquiring one or more tracts of land for recreation grounds and
issuing and negotiating bonds under chapter 258, L. 1923, claiming
that the statute was unconstitutional. Defendants demurred. It was
sustained. No appeal was taken. Another taxpayer brought this
action against same defendants to restrain them from purchasing a
particular tract of land for the purposes mentioned on the ground that
the statute was unconstitutional. *Held* that the causes of action were
not identical and that the doctrine of res adjudicata did not apply.

**Decision in action by taxpayer not binding on another taxpayer having a
special interest.**
5. The determination in an action brought by one taxpayer binds
other taxpayers the same as it binds the plaintiff. It does not bind a
taxpayer who has a special interest. It must be prosecuted in good
faith.

**Judgment on issue presented by complaint and demurrer is as effective as
after verdict.**
6. A judgment upon the matter in issue as presented in the com-
plaint and confessed by a general demurrer is upon the merits and
is as effectual as if there had been a verdict upon the same matter.

[1]Reported in 201 N. W. 945.

**When judgment in former action is bar to second action.**

7. The rule is that the judgment in the former action will be a bar, if the evidence necessary to sustain a judgment for the plaintiff in the present action would have authorized a judgment for the plaintiff in the former action.

**As to what questions former judgment is conclusive.**

8. Former adjudication is conclusive not only as to questions actually and formally litigated, but it is conclusive as to all questions within the issue whether formally litigated or not.

Action in the district court for Ramsey county to restrain defendants from buying certain land for a public beach for more than $7,500. The case was tried before Bechhoefer, J., who ordered judgment in favor of defendants. From an order denying their motion for a new trial, plaintiffs appealed. Reversed.

*John P. Kyle*, for appellants.

*Harry H. Peterson*, County Attorney, and *R. A. MacDonald*, Assistant County Attorney, for respondents.

WILSON, C. J.

This is an appeal from an order denying plaintiffs' motion for a new trial.

Plaintiffs are taxpayers and brought this action to restrain the defendants, constituting the Board of County Commissioners of Ramsey county, from acquiring land for the purpose of establishing a bathing beach pursuant to the authority of chapter 258, p. 320, L. 1923. The title of this act reads:

"An act authorizing the county board of any county now or hereafter having property of an assessed valuation of not less than $125,000,000.00 and not more than $250,000,000.00 to acquire, improve and equip one or more tracts of land within such county but outside the limits of any city or village located within said county, for use as a park, bathing beach, picnic or recreational ground, and to pay for same out of any moneys in the county treasury not otherwise appropriated, or by issuing not to exceed $50,000.00 bonds of any such county."

Plaintiffs contend that this law is unconstitutional in contravention of article 4, sections 33 and 34 of the state Constitution.

Ramsey county is the only county that has an assessed valuation within the prescribed limits, and therefore the only county to which the law is or can be applicable. The assessed valuation of Ramsey county for the year 1922 was $154,482,193. Two other counties in the state, namely, Hennepin county and St. Louis county have assessed valuations in excess of $250,000,000. Hennepin county in the year 1922 had an assessed valuation of $296,672,941. St. Louis county for the same year had an assessed valuation of $363,279,422. All other counties in the state have assessed valuations of less than $30,000,000, the average assessed valuation of such other counties being approximately $15,000,000. The assessed valuation of Ramsey, Hennepin and St. Louis counties for the year 1923 were as follows, respectively: $160,152,262, $306,032,606, $368,732,310.

The fact that at present Ramsey county is the only county that may operate under this law is not fatal. State v. Cooley, 56 Minn. 540, 58 N. W. 150; Wall v. County of St. Louis, 105 Minn. 403, 117 N. W. 611; State v. Cloudy & Traverse, 159 Minn. 200, 198 N. W. 457; State v. Delaware Iron Co. 160 Minn. 382, 200 N. W. 475. It brings within its scope all counties similarly situated, and treats all counties which come within the class alike. In this respect it meets the requirements of the Constitution. Lodoen v. City of Warren, 146 Minn. 181, 178 N. W. 741; Stevens v. Village of Nashwauk, 161 Minn. 20, 200 N. W. 927; Johnson v. St. P. & D. R. Co. 43 Minn. 222, 45 N. W. 156, 8 L. R. A. 419; State v. Pocock, 161 Minn. 376, 201 N. W. 610. It also properly permits other counties to come within the classification when they have the proper assessed valuation. Roe v. City of Duluth, 153 Minn. 68, 189 N .W. 429. It embraces the necessary present and prospective operation.

The critical questions in this case are as to whether the classification is germane to the subject of the law; and is there a relation between the assessed valuation and the public necessity or propriety of recreation grounds?

The legislature is the lawmaking power of the state. If the necessity for this law calls for the exercise of discretion in the classifica-

tion of particular subdivisions of the state for the purpose of legislation, we cannot review such discretion and substitute the views of the court as to the propriety of the classification. "It is only when the classification is so manifestly arbitrary as to evince a legislative purpose of evading the provisions of the constitution that the courts may and must declare the classification unconstitutional." State v. Westfall, 85 Minn. 437, 89 N. W. 175, 57 L. R. A. 277, 89 Am. St. 571; State v. Brown, 97 Minn. 402, 407, 106 N. W. 477, 5 L. R. A. (N. S.) 327. A valid classification should be based upon some natural reason. The counties put in the particular class should require different legislation than those counties omitted therefrom. This court in State v. Brown, 97 Minn. 402, 106 N. W. 477, 5 L. R. A. (N. S.) 327, said:

"The general principles which underlie and control the theory of permissible classification are now well settled in this state. The basis of classification must not be arbitrary or illusory. Having reference to the particular legislation, there must be some substantial distinction which suggests a reasonable necessity or propriety for different laws for the objects or places embraced within or excluded from the class. There must be something suggested by a difference in the situation and circumstances of the subjects placed in different classes, which discloses the necessity or propriety for different legislation in respect thereto. The classification must be founded upon legitimate differences in situation, population, or inherent condition. The places or things included must have some characteristics or peculiarities distinguishing them from those which are excluded. The basis must be sufficiently broad to include all subjects whose conditions and wants render such legislation equally appropriate. Unless the statute is curative or remedial, and therefore temporary, the classification must not be based upon existing conditions only, but provision must be made for future acquisitions to the class as other subjects acquire the characteristics which form the basis of the classification."

A law is uniform in its operation if it operates equally upon all the subjects within the class of subjects to which it is applicable,

but the legislature cannot adopt an arbitrary classification, even though the law may operate equally upon each subject of each of the classes adopted.

Chapter 130, p. 143, L. 1907, provides:

"An Act entitled, An Act providing for the issuance of interest-bearing certificates of indebtedness to aid in the erection, construction and furnishing of a court house, county jail and other county buildings, or either or any of them, in counties in this state having property of an assessed valuation of not less than $100,000,000, and having a bonded indebtedness of not more than $700,000."

The constitutionality of this law came before the court in Wall v. County of St. Louis, 105 Minn. 403, 117 N. W. 611. The classification was based upon the financial condition of the county, as determined by the relation between its indebtedness and the assessed valuation of its property. It was held that there was a reason justifying the legislature in forming a class out of counties situated as St. Louis county was then, and the court concluded that the financial condition of a county, its resources and liabilities, had such a reasonable and natural connection with the question of the propriety of intrusting the matter of increasing its bonded indebtedness to its officials as to justify the legislature in making it the basis of classification. State v. Cloudy & Traverse, 159 Minn. 200, 198 N. W. 457, sustained a classification which was based on area and assessed valuation. State v. Delaware Iron Co. 160 Minn. 382, 200 N. W. 475, sustained a classification containing three elements; a majority of its rural schools and at least one-third of its total school enrollment must be within one or more school districts containing not less than ten townships each, and the per capita assessed valuation of such district or districts must be less than one-half of the per capita assessed valuation of the entire county.

A law need not operate alike upon all the inhabitants of the state or upon all of its subdivisions, in order to be a general law. The people never intended, in adopting the provisions of the Constitution, to make necessary legislation impossible, nor in fact impracticable. The practical limitation is that the classification shall be based upon some natural reason founded in necessity or arising

out of differences in the situation and circumstance of the subjects classified, making it advisable for different legislation with respect to them. The classification cannot be merely arbitrary. Nichols v. Walter, 37 Minn. 264, 33 N. W. 800; State v. Spaude, 37 Minn. 322, 34 N. W. 164; State v. Sheriff of Ramsey County, 48 Minn. 236, 51 N. W. 112, 31 Am. St. 650; Duluth Banking Co. v. Koon, 81 Minn. 486, 84 N. W. 335; State v. Pocock, supra.

The statute under consideration bases the classification on the assessed valuation only. Our attention has not been called to any decision of this or any other court holding that assessed valuation alone is a proper classification for any legislation. If it may be assumed that the assessed valuation was used as a criterion of the ability of the county to sustain the burden, the answer is that, since it is silent upon the amount of the county's bonded indebtedness, the assessed valuation alone is not the determining factor from which such a conclusion may be drawn. Then, if such ability comes from the assessed valuation alone, those counties which are excluded, because of having a higher assessed valuation, have the ability to sustain the burden, and upon such a classification they are included in the same class, though by the language of the statute they are excluded from its operation. If such is the theory, and it is, then the two counties whose assessed valuation exceeds $250,000,000 are better qualified to carry the burden and they belong to the same class in reality, but are omitted from the application of the law, and, because the law does not include all the members of the same class, it is arbitrary and incomplete. State v. Ritt, 76 Minn. 531, 79 N. W. 535; Murray v. Board of Co. Commrs. 81 Minn. 359, 84 N. W. 103, 51 L. R. A. 828, 83 Am. St. 379; State v. Pocock, supra.

It is not for the court to judicially determine if Hennepin county's present bathing beaches are adequate or that climatic conditions or nature's supply make them unnecessary for St. Louis county. These are questions of administration, and general laws must extend equal opportunities to all in the same class. But the assessed valuation alone is not the determining factor as to the county's ability to carry the burden. The liabilities of the county must be taken into consideration. It may have a large assessed valuation and at the

same time such a large amount of bonded indebtedness that its ability to pay for recreation grounds might be much less than that of some other county which has a smaller assessed valuation and less or no liabilities. It therefore appears that the classification based upon assessed valuation alone is arbitrary and illusory.

Classification may be very appropriate for legislation on one subject, but not for legislation on another subject. The amount of the assessed valuation has no relation to the necessity or propriety of a bathing beach so as to be any indication of a difference, in situation and circumstances, of the counties placed in different classes which disclose the necessity or propriety for different legislation in respect thereto. The amount of the assessed valuation alone, without considering liabilities, does not furnish any peculiar distinguishing characteristics requiring the use of a bathing beach for the pleasure and necessity of its people any different than the requirements of the residents of the excluded territory for the same purpose. The condition and wants of other counties for a bathing beach may make such equally appropriate and desirable, even though their assessed valuation is not within the limitations of this statute. This leads to the conclusion that this classification is not germane to the subject of the law; and there is no relation between assessed valuation alone and necessity or propriety for recreation grounds.

We are forced to the conclusion that this statute is unconstitutional.

Respondent claims that plaintiffs are barred from prosecuting this action because of the principle of res adjudicata arising out of these facts: One Peterson as a taxpayer brought an action to restrain the Board of County Commissioners from issuing and selling bonds under this statute. He alleged that defendants had decided to acquire one or more tracts of land for a bathing beach, but he did not identify any particular lands to be purchased, and that, for the purpose of acquiring such lands and equipping them for such use, they intended to issue and negotiate bonds to the extent of $50,000. He alleged that all of such contemplated acts were illegal because the statute was unconstitutional. Defendants herein demurred therein, and thereby put in issue the validity of the statute. The

court sustained the demurrer, and thereupon judgment of dismissal was entered. No appeal was taken.

The determination in an action brought by one taxpayer binds other taxpayers the same as it binds the plaintiff. Kaufer v. Ford, 100 Minn. 49, 110 N. W. 364; Dohs v. Holbert, 103 Minn. 283, 114 N. W. 961; 15 R. C. L. 1035; Greenberg v. City of Chicago, 49 L. R. A. (N. S.) 108, note; 34 C. J. 1029, note 67; People v. Clark, 296 Ill. 46, 129 N. E. 583. It does not bind a taxpayer who has a special interest. Lee v. Independent School Dist. 149 Iowa, 345, 128 N. W. 533, 37 L. R. A. (N. S.) 383; 34 C. J. 1029 note 71. It must be prosecuted in good faith. A judgment upon the matter in issue as presented in the complaint and confessed by a general demurrer, is upon the merits, and is as effectual as if there had been a verdict upon the same matter. Carlin v. Brackett, 38 Minn. 307, 37 N. W. 342; Swanson v. G. N. Ry. Co. 73 Minn. 103, 75 N. W. 1033. The rule of res adjudicata controls the parties. The rule of stare decisis guides the courts. Abstract or unmixed questions of law cannot be made the subject of litigation. The doctrine of res adjudicata requires the presence of a matter in issue, though it may be admitted in the pleadings or by demurrer, which will become res adjudicata when the litigation is ended. The rule is that the judgment in the former action will be a bar, if the evidence necessary to sustain a judgment for the plaintiff in the present action would have authorized a judgment for the plaintiff in the former action. This action is to restrain defendants from purchasing a specifically described tract of land for a bathing beach claiming it was illegal to do so. Each action was brought upon the theory that the statute was unconstitutional. This question was the subject matter of the litigation. It was the sole question in the former suit. The identical subject matter is present in this action. If we could say that this was the test to determine whether the former judgment was a bar we would follow Greenberg v. City of Chicago, 256 Ill. 213, 99 N. E. 1039, 49 L. R. A. (N. S.) 108, and reach a different conclusion than we do. We think, however, that the subject matter of the litigation may be the same and yet the causes of action be entirely different. State v. Torinus, 28 Minn. 175, 9

N. W. 725. Of course, if the causes of action were the same, the defeated party should have appealed from the former judgment. Kaufer v. Ford, 100 Minn. 49, 53, 110 N. W. 364. The principle of former adjudication in the lower court does not bind this court in passing upon the constitutionality of a statute, which it holds valid, when it comes before us, but the former adjudication, without an appeal, estops the defeated party from presenting the same matter for further judicial determination. Such former adjudication is conclusive, not only as to questions actually and formally litigated, but it is conclusive as to all questions within the issue, whether formally litigated or not. State v. Torinus, 28 Minn. 175, 92 N. W. 725. In fact the principle of former adjudication reaches further. It extends not only to the questions of fact and of law which were decided, but also to the grounds of recovery or defense which might have been but were not presented. Greenberg v. City of Chicago, 256 Ill. 108, 99 N. E. 1039, 49 L. R. A. (N. S.) 108; Harmon v. Auditor, 123 Ill. 122, 13 N. E. 161, 5 Am. St. 502; Werlein v. City of New Orleans, 177 U. S. 390, 20 Sup. Ct. 682, 44 L. ed. 817; U. S. v. Moser, 266 U. S. 236, 45 Sup. Ct. 66, 69 L. ed. 73.

But to determine this inquiry the rules of law require us to look to the cause of action for guidance; and, having in mind the rule above stated, which is the real test, would the proof necessary in this case entitle the plaintiff to judgment in the former action? We are of the opinion that it would not. In this case plaintiff would be required to prove that defendants were going to purchase a particular tract of land for the purpose alleged. In the other, it was necessary to prove that defendants were going to purchase one or more tracts of land, but whether the tract here involved was one of them we cannot say. It was also necessary to prove, presumably by the resolution and form of bond set forth in the complaint, that defendants were going to issue and negotiate the bonds. This element is not in the present action at all. The causes of action are not identical. The evidence necessary to sustain a judgment in the present case would not have authorized a judgment for plaintiff in the former case. It is not a bar. State v. Savage, 64 Neb. 684, 702, 90 N. W. 898, 91 N. W. 557; State v. Broatch, 68 Neb. 687,

94 N. W. 1016, 110 Am. St. 477; People v. Cassiday, 50 Colo. 503, 117 Pac. 357; People v. Stoddard, 34 Colo. 200, 86 Pac. 251. The mere fact that the former decision was wrong is of no consequence. A fact, question, or right, distinctly adjudged in the former suit cannot be disputed in a subsequent action, even though the determination was reached upon an erroneous view or by an erroneous application of the law.

Reversed.