STATE EX REL. G. A. YOUNGQUIST v. COMMON SCHOOL DISTRICT NO. 78, WASHINGTON COUNTY, AND OTHERS.[1]

March 28, 1930.

No. 27,864.

*Cowern & Christopherson*, for appellants (respondents below).

*Henry N. Benson*, Attorney General, and *Reuben G. Thoreen*, for respondent (relator below).

[1]Reported in 230 N. W. 115.

OLSEN, C.

For convenience the relator below is herein referred to as plaintiff, and the respondents below as defendants.

Quo warranto on the relation of the attorney general requiring the defendant school district No. 78 to show by what right or authority it claims to exist, and the other defendants to show by what warrant or authority they hold or exercise, or claim the right to hold or exercise, offices as members of the school board of said district. The cause was heard in the district court and a judgment there entered that the school district be declared dissolved as of February 13, 1929, and that the individual defendants, as former officers of the district, turn over and deliver to the officers of school district No. 69 all money, property, and records in their hands theretofore belonging to the former school district No. 78. The defendants appeal from the judgment so entered.

School district No. 78 was organized September 4, 1923, wholly out of territory formerly in school district No. 69 in Washington county. The boundaries of district No. 78 are coextensive with the boundaries of the small village of Birchwood. The individual defendants had been duly elected as members of the school board of the district and were acting as such at the time this action was commenced. No schoolhouse had been erected or provided in district No. 78 up to the time of suit. The school district has at all times in good faith intended to erect a schoolhouse, and has in several years, pursuant to vote of its electors, levied and collected a special tax for the specific purpose of purchasing a site and building a schoolhouse. It has collected in that way slightly over $8,000. Long prior to the passage of L. 1929, p. 17, c. 15, it expended $1,200 of this money in the purchase of a site for a schoolhouse. It has on hand cash in excess of $6,800 to go towards the building of a schoolhouse. Ever since its organization the district has provided for the education of approximately half of its school children in the graded school in district No. 69 and provided for the like education of the remaining children in the graded school of the White Bear school district, with one or two children going to another district.

District No. 69 has no high school, and all high school pupils have attended elsewhere.

On February 13, 1929, the legislature passed L. 1929, p. 17, c. 15, purporting to dissolve school districts in certain circumstances. Under this act the plaintiff claims, and the court held, that district No. 78 was dissolved and that district No. 69 was entitled to receive all money and property of the former district No. 78.

L. 1929, p. 17, c. 15, reads as follows:

"Section 1. That where a new school district has been or is hereafter created wholly from territory of one existing district, and such new district has or shall fail for a period of three years immediately following its organization to provide a school house within the district and conduct school therein, and has provided or shall provide, during said three-year period, for the education of its pupils in the district from which the territory was taken, such district shall upon the passage of this act or upon the expiration of said three-year period become dissolved and its territory shall revert to and become a part of the district from which it was taken.

"Sec. 2. That all property and funds, including taxes levied or in process of collection or in the possession of the County Treasurer, of the district so dissolved, remaining after the payment of its obligations, shall become the property of and belong to the district to which the territory is attached."

Two questions are presented by this appeal: (1) Is this act constitutional; (2) does it apply to school district No. 78.

■ The legislature has undoubted power to dissolve as well as create school districts. Associated Schools v. School Dist. No. 83, 122 Minn. 254, 142 N. W. 325, 47 L.R.A.(N.S.) 200; State ex rel. Smith v. City of St. Paul, 128 Minn. 82, 150 N. W. 389; state constitution, art. 8, §§ 1 and 3. But the manner and method of legislating for that purpose as well as on other subjects is limited by the state constitution. Art. 4, §§ 33 and 34, provides, so far as here relevant, that the legislature shall pass no special law in any case when a general law can be made applicable; that it shall pass no special law regulating the affairs of, incorporating, erecting or

changing the lines of any school district, regulating the management of public schools, the building or repairing of schoolhouses, and the raising of money for such purposes; and that all general laws covering these matters shall be uniform in their operation throughout the state. A law creating or dissolving school districts under these constitutional provisions must be a general law and operate uniformly throughout the state. For the purpose of a general law the legislature may adopt a proper classification of subjects upon which the law shall operate, and a law is general and uniform in its operation if it operates uniformly upon all subjects within a proper class. But the classification cannot be arbitrary or illusive, and must be founded upon a substantial distinction, having reference to the subject matter of the legislation, between the objects or places excluded and those included. The distinction made must suggest the necessity or propriety of different legislation for each of the classes in reference to the subject of the legislation. The classification must be germane or related to the purpose of the law. Nichols v. Walter, 37 Minn. 264, 33 N. W. 800; State ex rel. McCue v. Sheriff of Ramsey County, 48 Minn. 236, 51 N. W. 112, 31 A. S. R. 650; State ex rel. Douglas v. Ritt, 76 Minn. 531, 79 N. W. 535; Murray v. Commrs. of Ramsey County, 81 Minn. 359, 84 N. W. 103, 51 L. R. A. 828, 83 A. S. R. 379; Duluth Banking Co. v. Koon, 81 Minn. 486, 84 N. W. 335; Hetland v. Commrs. of Norman County, 89 Minn. 492, 95 N. W. 305; Hjelm v. Patterson, 105 Minn. 256, 117 N. W. 610, 127 A. S. R. 560; State ex rel. Mudeking v. Parr, 109 Minn. 147, 123 N. W. 408, 134 A. S. R. 759; Lowry v. Scott, 110 Minn. 98, 124 N. W. 635; State ex rel. Greenberg v. Erickson, 159 Minn. 287, 198 N. W. 1000; State v. Pocock, 161 Minn. 376, 201 N. W. 610; Driscoll v. Commrs. of Ramsey County, 161 Minn. 494, 201 N. W. 945. The rules are well settled that classification is primarily a question for the legislature, and that laws enacted by it are presumed to be valid and will not be declared invalid by the courts unless it clearly appears that they transgress some constitutional requirement.

While general in form, the act under consideration, by the narrow and unusual classification adopted, bears evidence on its face

that it is intended as a local or special law. It has application only to school districts created wholly from territory of one existing district. This limitation is not germane or related to the subject of dissolving school districts. No reason is suggested for making a distinction on that basis. So far as dissolving a school district is concerned, no reasonable distinction can be pointed out between a district created wholly from territory of one existing district and one created from territory of two or more existing districts, or out of territory not included in any existing district. Again, the act applies only to districts which have provided or shall provide, during the three-year period, for the education of its pupils in the district from which the territory was taken. This classification is equally unrelated to the purpose of dissolving a school district. Whether the district has provided for the education of its pupils in the one district, or in one or more other districts where it may be more convenient for the pupils and better serve their best interests to go, has no reasonable relation to the purpose of the act. If the act had provided for the dissolution of all school districts which had failed to build or provide any schoolhouse within the three-year period, the classification so adopted might be sustained. But when the legislature attempts to narrow that class and carve out therefrom a class composed only of those districts created wholly from territory of one existing district, and which has provided for the education of its pupils in the district from which the territory was taken, the classification becomes arbitrary, illusive and unrelated to the purpose of dissolving school districts. The act then becomes local and special legislation prohibited by the constitution.

■ It is urged that the act, even if held valid, does not apply to school district No. 78 because that district has not provided for the education of all its pupils, but only about half of them, in district No. 69, and has provided for the education of the other half of its pupils in other districts. This would perhaps be a narrow construction of the act. In view of the drastic and mandatory character of the act, we cannot say that such a construction would

not be permissible. Having found the act invalid on constitutional grounds, we need not pass on this question.

Judgment reversed.