STATE ex rel. W. B. DOUGLAS v. VILLAGE OF HOLLOWAY and Others.[1]

July 10, 1903.

Nos. 13,569—(199).

**Village Territory.**

>   Rules laid down in State v. Minnetonka Village, 57 Minn. 526, and State v. Village of Fridley Park, 61 Minn. 146, in respect to including unwarranted territory in the incorporation of villages, under Laws 1885, c. 145, followed and applied, and the incorporation of the village of Holloway, in Swift county, *held* illegal.

Proceeding in the supreme court in the nature of quo warranto, upon relation of the attorney general, to determine the validity of the incorporation of the village of Holloway in Swift county. Writ of ouster granted.

*W. B. Douglas,* Attorney General, and *E. T. Young,* for relator.
*Brown & Kerr,* for respondents.

BROWN, J.

Information in the nature of quo warranto to determine the validity of the incorporation of the village of Holloway, in Swift county. The facts, as they appear from the pleadings, and about which there is no real controversy, are substantially as follows: The people residing at the railway station called "Holloway" sought to incorporate the same into a village under and pursuant to the provisions of Laws 1885, p. 148 (c. 145). There were only about one hundred inhabitants in the village, residing upon the land embraced within the village plat— forty acres; and, to obtain the requisite population, it became necessary to include within the boundaries of the village adjacent territory. To this end, a petition was presented to the county commissioners to incorporate the territory shown by the following plat as such village (the dotted line is the boundary of the proposed village, and the small square at Holloway is the platted portion):

[1] Reported in 96 N. W. 40.

EXHIBIT "B"

The land included within the limits of the corporation, except the platted portion of forty acres, is wholly devoted to agricultural purposes, and occupied by resident farmers, with their families. It will be noticed that the proposed village embraces nearly six full sections of land, is about five miles long, and all the way from one to two miles in width, except in one portion, where its width is about one-half mile. The case comes clearly within the principles laid down in State v. Minnetonka Village, 57 Minn. 526, 59 N. W. 972, and State v. Village of Fridley Park, 61 Minn. 146, 63 N. W. 613, and the decisions there made are controlling." The question needs no further discussion than is found in those cases, aided by the attached plat of the village, which speaks for itself.

It is urged, however, by respondent, that Laws 1903, c. 111, remedied the objections here made, and confirmed and legalized the action of the board of county commissioners in creating the village. That act was intended to cure irregularities and defects in the proceedings leading up to the incorporation, and not questions like that here presented—of an unwarranted inclusion of territory within the corporate limits. The same may be said of Laws 1903, c. 31. Laws 1902, p. 131 (c. 59)

has reference solely to proceedings to detach territory from villages already incorporated, and has no bearing upon the question here presented.

Our conclusion is that a writ of ouster should issue, and it is so ordered.