## L. E. JONES v. CITY OF RED LAKE FALLS.

## MATHIAS SKALA v. CITY OF RED LAKE FALLS.[1]

January 12, 1912.

Nos. 17,404, 17,405—(110, 111).

**Detaching agricultural land from city.**

In proceedings under chapter 221, Laws 1907, to detach land from the corporate limits of a city, if the court finds that the land contains not less than forty acres, is unplatted, is used and occupied exclusively for agricultural purposes, and may be detached from such city without unreasonably affecting the symmetry of the settled portion of such city, it has no discretion to refuse a decree detaching such land, but must grant such decree. Hunter v. City of Tracy, 104 Minn. 378, adhered to and followed.

Petitions by L. E. Jones and Mathias Skala to the district court for Red Lake county to have certain lands detached from the city of Red Lake Falls. The petitions were heard before Watts, J., who made findings and as conclusion of law in the Jones case granted his petition as to lot 5, section 14, township 151 north, of range 44 west, but denied it as to the northeast quarter of the northwest quarter of section 14. In the Skala case, the court denied the petition. From that part of the judgment denying petitioner Jones the relief sought as to the northeast quarter of the northwest quarter of section 14, he appealed. From the judgment denying petitioner Skala the relief sought as to the northwest quarter of section

[1] Reported in 134 N. W. 121.

15, township 151 north, range 44 west, he appealed. Judgments reversed, with directions to the trial court to amend its conclusions of law in each case, so as to grant the decree asked for in the petitions.

*Fred L. Farley,* for appellants.

*Charles E. Boughton,* for respondent.

BUNN, J.

Each of the appellants presented to the district court of Red Lake county a petition for a decree detaching the land therein described from the city of Red Lake Falls, under the provisions of chapter 221, p. 294, Laws 1907. A hearing was had upon each petition. The evidence showed conclusively that the land of each petitioner was unplatted, was within the corporate limits of the city, was used and occupied exclusively for agricultural purposes, and might be detached from the city "without unreasonably affecting the symmetry of the settled portions of such city."

In the case of the petitioner Jones the trial court found as facts that the land is located within the unplatted portion of the city, contains forty acres, and is used exclusively for agricultural purposes, but that "it may not be detached from said city without affecting the symmetry of said city." As a conclusion of law it was determined that the petition be denied. In the case of the petitioner Skala the court found as facts that the land is located within the unplatted portion of the city, contains more than forty acres, is used exclusively for agricultural purposes, and may be detached from said city without affecting the symmetry of the settled portion of said city; but the court further found that the land abuts on one of the principal streets of the city, at a distance of thirty rods from a bridge on said street across the Red Lake river, that said bridge is the only one in the city that crosses the river, that the street is the only means of access to the city from the north, that the city has in the past expended large sums in keeping it in repair, and that for "the reasons above stated it would be very injurious to said city to have said lands detached from the same." As a conclusion of law it was determined that the petition be denied.

Each petitioner moved to amend the conclusions of law, so as to declare that he was entitled to a judgment detaching his land from the city, and, in case such motion was denied, for a new trial. These motions were denied, a judgment was entered in each case denying the relief asked, and each petitioner appealed to this court.

It is impossible to sustain the decision of the trial court in either case. The statute under which the proceedings were brought provides that "if upon the hearing the court shall find that such tract of land is of the nature and quantity as hereinbefore set forth" (that is, unplatted, not less than forty acres in extent, and used and occupied exclusively for agricultural purposes), "and that it may be detached from such city without unreasonably affecting the symmetry of the settled portions of such city, it *may* grant such decree."

In Hunter v. City of Tracy, 104 Minn. 378, 116 N. W. 922, it was expressly held that, notwithstanding the statute provided that the court "may" grant the decree if it finds the facts authorizing it, there was no discretion in the court to refuse the decree if all the essential facts and conditions necessary to support the decree are proven and found. This holding was necessary in order to sustain the constitutionality of the law against the objection that it delegated legislative powers to the court.

The validity of the statute as so construed was upheld in the Hunter case, and we adhere to that decision, both as to the construction of the law and as to its constitutionality. It is therefore clear that the finding in the Skala case of the existence of facts and conditions not mentioned in the statute was a finding of wholly immaterial facts, and furnished no basis for the court's denial of the petition. All of the essential facts being found to exist, the court was bound to grant the decree.

In the Jones case the court found that the land could not be detached without affecting the "symmetry of said city," though finding "that it is not adjacent to the built-up portion of said city." The finding that the "symmetry of the city" would be affected was clearly outside of the issues, while the finding that the land is not adjacent to the "built-up portion" of the city is practically equivalent to a finding that the symmetry of the "settled portion" of the city will

not be affected.   This finding must be construed in the light of the evidence, which shows conclusively that the Jones land is adjacent to the northern boundary lines of the city and separated from the built-up or settled portion by other lands used also exclusively for agricultural purposes.   The evidence, which includes a map of the city, is conclusive that the land can be detached without affecting the symmetry of the settled portion of the city, and the meaning of the court's finding is clear, when construed in the light of this evidence.

It is contended in support of the decision of the trial court that there was no finding that the land was "unplatted."   The finding that the land was within the unplatted portion of the city, together with the clearly established fact that the land is in fact unplatted, makes this point a pure technicality and of no merit.

It is suggested in the brief for respondent that since the commencement of these proceedings the city of Red Lake Falls has adopted a home rule charter, and is therefore exempt by the terms of the law from its operation.   While this court would take judicial notice of such fact, if it were true, a search in the office of the secretary of state fails to show its truth.

Our conclusion is that the trial court, on the evidence and findings, should have granted the decrees asked for.   The judgments appealed from are and each of them is reversed, with directions to the trial court in each case to amend its conclusions of law, so as to grant the decree asked for in the petition.