# IN THE MATTER OF THE PETITION OF GERTRUDE A. NORRISH, TO HAVE CERTAIN LANDS SET OUT OF THE CORPORATE LIMITS OF THE CITY OF HASTINGS, MINNESOTA.[1]

May 18, 1923.

No. 23,413.

**Statute for detaching farm lands from incorporated cities not applicable to Hastings.**

G. S. 1913, §§ 1732-1734, providing for detaching certain farm lands from incorporated cities or villages, *held* inapplicable to the facts stated in the opinion.

Petition to the district court for Dakota county to have certain unplatted agricultural lands detached from the city of Hastings. The matter was heard by Converse, J., who when plaintiff rested denied defendant's motion to dismiss, made findings and ordered that the lands be detached from the city of Hastings. The motion of the city of Hastings for amended findings and conclusions and for judgment in its favor, was denied. From the judgment entered pursuant to the order for judgment, defendant city appealed. Reversed.

*W. H. & H. W. Gillitt* and *Albert Schaller*, for appellant.
*Jesse Van Valkenburg*, for respondent.

BROWN, C. J.

Proceedings under G. S. 1913, §§ 1732-1734, on the petition of Gertrude A. Norrish for the detachment of certain agricultural lands from the city of Hastings, in which the petitioner had judgment and the city appealed. Ten other property owners similarly situated instituted like proceedings, which are now pending in the court below, all of whom entered into a stipulation to abide the result of this appeal.

[1]Reported in 193 N. W. 947.

The facts are not in dispute. The lands sought to be detached from the city were formerly, in 1858, within and formed a part of the town of Hastings, organized at that time by action of the board of county commissioners. The city of Hastings was originally created by chapter 34, p. 118, Laws 1857, and embraced all the land included in the town of Hastings. Subsequent to the organization of the town the legislature by chapter 71, p. 187, Sp. Laws 1858, reincorporated the city of Hastings, including therein all the land here in question, and the boundaries of the city as then defined have remained the same, except that certain subdivisions of land were in 1870, p. 272, chapter 30, Sp. Laws of that year, attached to the adjoining town of Nininger. The territory thus embraced in the city of Hastings, a fractional congressional township, was all included and made a part of the city under a home rule charter adopted in April, 1907. Subsequent to the reincorporation of the city by the act of 1858, the town of Hastings ceased to function, if it was ever previously organized, and is not now a going town organization, the territory having been all absorbed and included in the city boundaries.

The lands here involved are all agricultural in character, are without the platted portion of the city, and may be detached without unreasonably affecting the symmetry of the settled portion of the same. And, if the statute under which the proceedings are conducted has application to the facts, the trial court was right in granting the requested order detaching them. While other points are made in support of the appeal, the applicability of the statute to the particular situation presents the controlling question in the case and to that we come directly, passing all other matters referred to and discussed in the briefs.

The statute in question provides, speaking generally, that the owner of unplatted land containing not less than 40 acres, included within any city having a population of 10,000 or less, and used exclusively for agricultural purposes, may have the same detached and set off from the city by proceeding in the manner in the statute pointed out. It further provides that upon filing the order so de-

taching the land the same shall revert to and become a part of the township in which it was originally situated, and be thereafter subject in all things to the town government. The statute also provides that the lands detached shall remain liable for their proportionate share of all outstanding bonded indebtedness, and provision is made for the future levy and collection of taxes to be assessed in that behalf.

The purpose of the statute was to relieve agricultural lands, often unnecessarily included in villages and city boundaries, frequently for the purposes of revenue, from the burdens thus created without a return of a corresponding benefit. State v. Minnetonka Village, 57 Minn. 526, 59 N. W. 972, 25 L. R. A. 765; State v. Village of Holloway, 90 Minn. 271, 96 N. W. 40; State v. Village of Kinney, 146 Minn. 311, 178 N. W. 815; State v. Village of Buhl, 150 Minn. 203, 184 N. W. 850; State v. City of Nashwauk, 151 Minn. 534, 186 N. W. 694, 189 N. W. 592. The statute was enacted as a counter irritant and to afford appropriate relief from unjust annexations or overreaching inclusion of farm lands within the boundaries of local municipalities, resulting in no special police or other substantial benefit to the lands or to the owners. But it is clear that the legislature did not contemplate that a proceeding would result in the total disorganization of the territory excluded, large or small. On the contrary the intention clearly expressed is that the detached land should resume its former status within the township from which it was originally taken. But it wholly fails to provide for the disposition of the detached land where, as in the case at bar, there is no existing township organization to which it may be returned or under whose governmental authority it may come. A condition of that kind was not in the mind of the legislature at the time, although several cities so situated were in existence, included therein being Winona and Wabasha, and perhaps other municipalities created and formed by special legislation in the early days from fractional congressional townships.

It is also manifest that in the enactment of this statute the legislature did not have in mind cities or villages having concurrent local

school district boundaries as presented by the city of Hastings. By chapter 29, p. 150, Sp. Laws 1866, § 1, it is declared "that the city of Hastings shall be considered as one school district." The district is still acting under the organization thus created. If the lands here in question be ordered detached from the city, they will by the same order be excluded from the school district, for the school district is the city, the boundaries whereof are the boundaries of the district. An enlargement of the city boundaries would enlarge the school district, City of Winona v. School District, 40 Minn. 13, 41 N. W. 539, 3 L. R. A. 46, 12 Am. St. 607, and for the same reason lands taken from the city would be removed from the district; the boundaries of each running concurrently. Thus, in the case in hand, the lands detached, if that be the final order, will be in mid-air, without township, school or other local municipal organization to which they may become attached or otherwise form a part, except by the voluntary action, in the form of a petition to the county board of commissioners, by those whose lands were detached, or by subsequent legislation to meet the condition thus created and not provided for by the present statute. In that situation we are constrained to hold the statute as it existed when the proceeding was commenced inapplicable to the facts, and therefore that the relief sought should have been denied.

It is probable that the situation here presented is fully provided for by chapter 234, p. 276, Laws 1923, enacted subsequent to the commencement and determination of the proceeding. The amendment was no doubt intended to cover cases like that at bar, as well as similar situations in Winona, Wabasha and probably other early organized cities and school districts with concurring boundaries. But the present proceeding was not commenced in conformity with the amended requirements, which contain no curative provisions legalizing or taking account of or continuing incomplete or ineffective prior proceedings under the original statute. And to avoid the disorganizing result in this case we reverse the judgment appealed from.

It is so ordered.