## CLINTON FALLS NURSERY COMPANY v. CITY OF OWATONNA.[1]

May 14, 1926.

No. 25,252.

**Act of 1923 inapplicable to facts of case.**
   G. S. 1923, §§ 1720-1725, providing for the detachment of certain lands from incorporated cities is not applicable to the facts stated in the opinion.

   Municipal Corporations, 28 Cyc. p. 195 n. 10.
   Schools and School Districts, 35 Cyc. p. 848 n. 83 New.

Proceedings in the district court for Steele county to detach certain lands from the city of Owatonna. The matter was heard by Senn, J., who denied relief. Petitioner appealed from an order denying its motion for a new trial. Affirmed.

*Francis J. Hanzel* and *F. A. Dunham*, for appellant.

*Leach & Leach*, for respondent.

[1]Reported in 209 N. W. 2.

Wilson, C. J.

Proceedings were initiated under G. S. 1923, §§ 1720-1725, to detach land from the city of Owatonna. Petitioner appealed from an order denying its motion for a new trial.

The city of Owatonna constitutes one school district created by Sp. L. 1865, p. 164, c. 30. A change in the boundaries of the city automatically causes a like change in the boundary of the school district. In re Petition of Norrish, 155 Minn. 415, 193 N. W. 947; Winona v. School Dist. 40 Minn. 13, 41 N. W. 539, 3 L. R. A. 46, 12 Am. St. 687. There is no provision in this detachment statute annexing the detached territory to any other school district, although there is a provision to the effect that the detached territory shall be made a part of the township in which it was originally located for governmental purposes. Can it be said that the school district may extend beyond the limits of the city and embrace the detached territory? Sp. L. 1865, p. 164, c. 30, § 1, provides that the territory of the city shall constitute one school district; section 2, that one person from each ward and two persons at large shall be elected to the school board, all of whom shall be legal voters of said city. Residents of the detached territory could not vote in the city and hence would be deprived of any voice in the administration of the schools. L. 1923, p. 276, c. 234, is not applicable to the facts in this case but it is a detachment statute and it provides that it shall be the duty of the board of county commissioners of the county in which such lands are situated to attach the same to an adjoining school district.

This statute however shows what the legislature did when they intended to have a law apply to the situation now involved. The action of the legislature in making the provision in the one statute and not in the other indicates that they did not intend to have it apply in the latter. The governmental structure of the city and school district here involved contemplates that all territory in the latter shall constitute the territory of the former. It will not do to say that the county board may add the territory to some other district. That does not meet the requirement. Its future as to schools

must be imperatively provided. It would seem that the detached land in this case would be as much in "mid-air" for schools as the land in the Norrish case was for governmental control. We cannot assume that the legislature intended such detached territory to be without school privileges and responsibilities. The statute does not provide for the situation involved. Obviously it was not intended for such a situation.

We are of the opinion that in the enactment of the statute under which these proceedings are instituted the legislature did not have in mind cities having conterminous local school district boundaries. In re Petition of Norrish, supra; Winona v. School Dist. supra. Hence the trial court was right in denying petitioner the relief sought.

Affirmed.