STATE EX REL. THOMAS DEDINA AND ANOTHER v.
SCHOOL BOARD OF SCHOOL DISTRICT NO. 128,
RICE COUNTY, AND OTHERS.[1]

June 4, 1926.

No. 25,205.

**Act of 1923 invalid because special legislation.**
> L. 1923, c. 431, relating to school districts in counties having a pop-
> ulation of not less than 28,300 nor more than 28,500, is special legis-
> lation which contravenes art. 4, §§ 33 and 34, of the Constitution.

Statutes, 36 Cyc. p. 990 n. 84; p. 1005 n. 34.

The district court for Rice county granted its alternative writ of
mandamus to compel respondent school board to secure a school
site and construct a school house thereon. The matter was heard by
Senn, J., who granted a peremptory writ. The school board ap-
pealed from an order denying its motion for a new trial. Reversed.

*Charles C. Kolars*, for appellant.
*Lucius A. Smith*, for respondents.

LEES, C.

Mandamus to compel the school board of a joint school district to
secure a school site and construct a school house thereon. The peti-
tion for a peremptory writ was granted and the board appealed
from an order denying a motion for a new trial.

The important question presented by the appeal is whether L.
1923, p. 645, c. 431, is special or class legislation in contravention
of Art. 4, §§ 33, 34, of the Constitution. The act provides:

"That in any common school district in counties of this state, now
or hereafter having a population of not less than 28,300 nor more
than 28,500 inhabitants, including joint school districts in such
counties and counties adjoining such school districts, having an
area of four sections or more, an assessed valuation of not less than

[1]Reported in 209 N. W. 531.

$100,000.00, and wherein now or hereafter may, reside not less than twenty children of school age wherein there is no school house, upon petition to the school board of any such district signed by legal voters of such district who are parents of children of school age, residing in such district, which children constitute not less than fifty-five per cent of all the children of school age in such districts, asking for the erection of a school house therein, it shall thereupon become the duty of the school board of such district within a reasonable time after the filing of such petition with the school district clerk, to secure a suitable school site and cause to be erected and maintained thereon and to issue the warrants of the school district in payment therefor, such school site to be located within one-half mile of the geographical center of the district or as near thereto as practicable considering the nature of the ground and the location of the public roads."

The court found that each of the specified conditions existed in the district of which the individual appellants are officers; that a petition in the form required by the act, with the requisite number of signers, had been presented to the school board and that the board had refused to act upon it.

Art. 4, § 33, of the Constitution provides:

"In all cases when a general law can be made applicable no special law shall be enacted  *  *  *  regulating the affairs of  *  *  * any  *  *  *  school district  *  *  *  regulating the management of public schools, the building or repairing of school houses and the raising of money for such purposes."

Under the same section, whether a general law could have been made applicable in any case is a judicial question "and as such shall be judicially determined without regard to any legislative assertion on that subject." In determining whether the basis of a classification made by the legislature in enacting a statute is substantial or fanciful, the court is governed by the rule tersely stated in Minn. Wheat Growers Assn. v. Huggins, 162 Minn. 471, 483, 203 N. W. 420, 425, as follows:

"The propriety of the classification for the purpose of legislation is primarily for the legislature. We assume that the legislature makes the necessary inquiry and rightly determines the propriety of the classification which it adopts, and we will disturb the legislative determination only when the classification is arbitrary and without reasonable basis."

. The underlying basis for the classification made by chapter 431 is the population of counties. The Constitution provides, in art. 4, § 36, for the classification of cities for legislative purposes on the basis of population, but does not authorize classification on that basis in the case of counties.

It is conceded that Rice county is the only county in the state having a population of more than 28,300 and less than 28,500. The fact that the act is not applicable to other counties does not invalidate it unless other counties similarly situated and having like need for similar legislation are arbitrarily excluded. State v. Cloudy & Traverse, 159 Minn. 200, 198 N. W. 457; State v. Delaware Iron Co. 160 Minn. 382, 200 N. W. 475. But if the classification is arbitrary and but another way of naming Rice county, the act cannot be sustained.

No good reason has been suggested for limiting the application of the act to school districts which happen to be located wholly or partly within a county having the population mentioned in the act. The legislation deals with school districts and school houses. Why should school houses be centrally located in certain districts in Rice county, but not in other counties, although there is no difference in the characteristics of the districts? The population of the county would seem to have no relevancy to the subject matter of the act, and we cannot escape the conclusion that the basis of the classification is arbitrary and fanciful.

We appreciate the fact that in some school districts conditions exist which should be remedied and that legislation may be necessary to provide the remedy. Some hardships are inevitable if the prohibition of special legislation is enforced. But the mandate of the Constitution cannot be disregarded, however ingenious the attempt

to circumvent it by giving the semblance of a general law to one which, as everyone knows, was intended to be purely local in its application.

We are of the opinion that chapter 431 is in the same category as the acts considered in Jensen v. Independent School Dist. 163 Minn. 412, 204 N. W. 49, and in the cases referred to in the opinion and that it cannot be sustained.

Order reversed.