## JAMES M. MILLETT AND OTHERS v. CITY OF HASTINGS AND OTHERS.[1]

February 21, 1930.

No. 27,313.

*J. M. Millett,* for appellants.

*Albert Schaller* and *W. H. & H. W. Gillitt,* for respondent board of education.

HILTON, J.

Proceeding under L. 1923, p. 276, c. 234 (an amendment of L. 1919. p. 233, c. 239) appellants, owners of certain lands within the corporate limits of the city of Hastings and of the special school district known as "the Board of Education of the City of Hastings" (whose limits are coterminous with those of the city of Hastings) petitioned the court to have their lands detached from said city and school district and also to have such lands attached to adjoining towns and school districts. The city of Hastings withdrew its appearance and took no part in the case. The district court ordered

[1]Reported in 229 N. W. 346.

that petitioners take nothing by their proceeding and that the board of education of the city of Hastings recover its costs and disbursements. Judgment was accordingly entered and this appeal taken.

The city of Hastings was originally created under L. 1857, p. 118, c. 34, and embraced all of the land included in the town of Hastings. Subsequent to the organization of the town the legislature by Sp. L. 1858, p. 187, c. 71, reincorporated the city of Hastings. The territory embraced in the city of Hastings was all included in and made a part of the city under the home rule charter adopted in April, 1907. After the reincorporation of the city under Sp. L. 1858 the town of Hastings ceased to function. "The Board of Education of the City of Hastings" is a special school district organized and created by Sp. L. 1866, p. 150, c. 29, and succeeded to all rights belonging to and enjoyed by school district No. 26 in Dakota county. In re Petition of Norrish, 155 Minn. 415, 193 N. W. 947.

An attempt was made under the 1919 law by the same petitioners to have the same land detached from the city of Hastings, but the proceeding was dismissed by the court. L. 1923, p. 276, c. 234, § 1, provides:

"The owners of ninety per cent or more of any contiguous, unplatted tract or tracts of land containing not less than 400 acres, included within the corporate limits of any city of this state containing 10,000 inhabitants or less, and included within the limits of any special or independent school district included within the corporate limits of such city, and used and occupied exclusively for agricultural purposes, may petition the district court of the county in which such land is situated for a decree detaching such land from such city and from such school district in all cases where the state of Minnesota owns and occupies a farm of not less than 400 acres in connection with any of its asylums or state institutions, which said farm lies between the platted and settled portion of such city and the land proposed to be detached, and where the usual route of travel between such land proposed to be detached and platted and the settled portion of such city is over and across such farm so owned by said state of Minnesota."

Section 2 of the act provides for the form of the petition, and § 3 relates to the hearing by the court. Section 4 provides for the making and filing of a decree, after the court upon hearing shall determine that the detachment of such lands will not unreasonably affect the symmetry of the settled portion of such city and school district. Section 5 relates to the addition of such detached lands to an adjoining township or school district.

The trial court reached the conclusion that L. 1923, p. 276, c. 234, was special legislation and hence unconstitutional and void; that its language was evasive and elusive and the classification fanciful, arbitrary, and without reasonable basis. We agree with the trial court and are of opinion that the act is clearly within the prohibition of the constitutional provision hereinafter referred to.

Other grounds are advanced by respondents in support of the decision made by the trial court. We consider only the constitutional question above referred to.

Article 4, § 33, constitution of Minnesota, provides:

"In all cases when a general law can be made applicable no special law shall be enacted; and whether a general law could have been made applicable in any case is hereby declared a judicial question, and as such shall be judicially determined without regard to any legislative assertion on that subject. The legislature shall pass no local or special law * * * changing the lines of any * * * city, * * * or school district, * * *. Provided, however, that the inhibitions of local or special laws in this section shall not be construed to prevent the passage of general laws on any of the subjects enumerated. The legislature may repeal any existing special or local law, but shall not amend, extend or modify any of the same."

The laudable purpose of and the necessity for the foregoing constitutional amendment are well known. The intolerable conditions that existed required the adoption of the amendment. Every presumption is in favor of the constitutionality of a regularly enacted statute. This court has uniformly held laws to be valid against attacks on their constitutionality whenever within the bounds of reason such holdings were possible. It has resolved and should re-

solve the doubt in favor of constitutionality. State ex rel. Bd. of Ed. v. Brown, 97 Minn. 402, 106 N. W. 477, 5 L.R.A.(N.S.) 327; Mathison v. Minneapolis St. Ry. Co. 126 Minn. 286, 148 N. W. 71, L. R. A. 1916D, 412.

A classification must be based on substantial distinctions which make one class so different from another as to suggest the necessity of different legislation with respect to them. The characteristics which form the basis of the classification must be germane to the purpose of the law. There must be an evident connection between the distinctive features. The classification must be based upon some apparent natural reason. The act is not for a temporary or remedial purpose. Nichols v. Walter, 37 Minn. 264, 33 N. W. 800; State ex rel. Bd. of C. & C. H. Commrs. v. Cooley, 56 Minn. 540, 58 N. W. 150; Murray v. Commrs. of Ramsey County, 81 Minn. 359, 84 N. W. 103, 51 L. R. A. 828, 83 A. S. R. 379; State ex rel. Corriston v. Rogers, 93 Minn. 55, 100 N. W. 659; State v. C. M. & St. P. Ry. Co. 114 Minn. 122, 130 N. W. 545, 33 L.R.A.(N.S.) 494, Ann. Cas. 1912B, 1030; Jensen v. Independent Sch. Dist. No. 17, 163 Minn. 412, 204 N. W. 49; State ex rel. Hilton v. Independent Sch. Dist. No. 1, 164 Minn. 66, 204 N. W. 572; State ex rel. Dedina v. School Board, 167 Minn. 421, 209 N. W. 531; Szroka v. Northwestern Bell Tel. Co. 171 Minn. 57, 213 N. W. 557, 59 A. L. R. 404; 1 Dunnell, Minn. Dig. (2 ed.) § 1679.

Section 1 of the act specifies in minute detail numerous conditions that must maintain in order for the act to apply. Some of them are not objectionable; others are. Hunter v. City of Tracy, 104 Minn. 378, 116 N. W. 922; Jones v. City of Red Lake Falls, 116 Minn. 454, 134 N. W. 121. Each and every one of the conditions specified in the law must exist in order that there may be a detachment of territory from an existing city and school district. Appellants contended and offered evidence to prove that their lands and the city and school district met in every particular the conditions found in § 1 of the act. There is no natural reason for an act applying to a city and school district that has all of these specified conditions and not applying to one that fails to have one or more

thereof. There is no basis for the classification here attempted. Situations at times are presented that produce border-line cases, and it is not always easy to distinguish on which side of the line a given situation belongs. Such a line "often seems indefinite and difficult to draw." It is difficult to state an inflexible rule. Each case must rest upon its own facts. However the law that we are here considering presents no difficulty. It is clearly unconstitutional.

Judgment affirmed.