## STATE v. THOMAS A. BROWN.[1]

No. 29,485.

June 9, 1933.

[1]Reported in 248 N. W. 822, 249 N. W. 569.

*Thomas Mohn* and *Horace W. Mohn,* for appellant.

*H. E. Stassen,* County Attorney, *Roy Ganfield,* City Attorney, and *Charles P. Stone,* for the state.

*LORING, Justice.*

This case comes here on an appeal from a judgment against the appellant's real estate in the city of Hastings in a proceeding to enforce the payment of taxes delinquent on the first Monday in January, 1932.

The city of Hastings is a city of the fourth class operating under a home rule charter adopted March 11, 1907. This charter contains a provision limiting the total tax levy to 10 mills. In 1930 the total levy was 48.31 mills, of which 21.44 mills was for general city and municipal purposes exclusive of that levied for bonded indebtedness, interest, and music fund. 25.91 mills was for bonded indebtedness and interest and .96 mill for music fund.

Special school district No. 26, whose boundaries are coterminous with those of the city of Hastings, was created by a special law passed in 1866, which limited the levy to 5 mills, which was subsequently increased to 8 mills by an amendment in 1889. The levy in 1930 for school purposes by the school district was 45.38 mills. The trial court held that the entire city levy was valid on the ground that 1 Mason Minn. St. 1927, § 1727, and 1 Mason Minn. St. 1927, § 2061, as amended by L. 1929, p. 206, c. 206, Mason Minn. St. 1931 Supp. § 2061, had superseded the provision in the home rule charter limiting the levy to 10 mills, and it sustained the levy for school purposes to the extent of 35 mills on the ground that such levy was permitted by the provisions of L. 1921, p. 350, c. 292, § 1. This appeal therefore presents the questions, first, whether or not 1 Mason Minn. St. 1927, § 1727, authorizes the city of Hastings to levy a tax of 25 mills on the dollar of the assessed valuation for general city and municipal purposes; and, second, whether that city could make an additional levy for the purpose of discharging its

bonded indebtedness incurred prior to 1929 and the interest thereon. Finally it raises the question of whether or not the school district may levy 35 mills under L. 1913, p. 61, c. 72, as amended by L. 1921, p. 350, c. 292. The constitutionality of the last cited law is questioned. The validity of the .96-mill levy for the music fund in addition to the other levies is not now questioned.

■ It is well established that the legislature may by a subsequent general act supersede or repeal the provisions of a home rule charter. State ex rel. Smith v. City of International Falls, 132 Minn. 298, 156 N. W. 249; Beck v. City of St. Paul, 87 Minn. 381, 92 N. W. 328; State ex rel. Simpson v. City of Mankato, 117 Minn. 458, 136 N. W. 264, 41 L.R.A.(N.S.) 111. Therefore, if it was the legislative intent to supersede the provisions of the charter of the city of Hastings by the law which is now 1 Mason Minn. St. 1927, § 1727, there can be no question about the effectiveness of that provision. It provided by § 1727:

"That the governing body of any city of the fourth class in this state be and the same is hereby authorized to annually levy taxes against the taxable property in any such city for all general city and municipal purposes, not exceeding twenty-five mills on the dollar of the assessed valuation of said city. In case any such city is operating under any special law or under any form of charter which authorizes such city to levy taxes for general city and municipal purposes in excess of twenty-five mills on the dollar, the provisions of this bill shall not limit any such city."

It is conceded by respondent that the general rule of statutory construction is that a general act ordinarily will not repeal a previous special act without express words of repeal. This, however, is a rule of construction only, and if it appear that the legislative intent is otherwise that intent must be given effect. The language of § 1727 is plenary in its scope as applied to cities of the fourth class and in terms includes all such cities, whether operating under home rule charter or otherwise. The intent of the legislature to include all cities operating under special law or home rule charter is clear from the last sentence of the quotation from § 1727.

Obviously it was the intent to permit such cities to increase their tax levies, but it was not the intent to reduce the authority of cities which have the power to levy higher taxes under any special law or home rule charter. We conclude that the interpretation of the trial court in regard to the levy for general city and municipal purposes was correct.

■ The city made a levy for bonded indebtedness and interest at the rate of 25.91 mills. Its charter had provided a 10-mill limitation on all taxes. This provision we have held was superseded, as far as general city and municipal purposes are concerned, by § 1727. Does the 10-mill limitation still exist as to such other purposes as bonded debt and interest? We take the view that it does not. It was a limitation upon the total tax rate, now completely superseded as to certain purposes. It could not have been the legislative intent to leave it in force as to bonded debts alone. For such debts the holders might obtain judgment and compel a levy. In so far as the bonds were legally issued (and all parties assume they were) they then come within the provisions of L. 1929, p. 206, c. 206, Mason Minn St. 1931 Supp. § 2061, and a levy for that purpose is permissible.

■ Special school district No. 26 was created by Sp. L. 1866, p. 150, c. 29. Its boundaries are coterminous with those of the city. The special act limited the tax levy to 5 mills. This was raised by a subsequent act to 8 mills. Sp. L. 1889, p. 758, c. 132.

L. 1921, p. 350, c. 292, provided:

"The board of education of any school district within this state, organized and existing under any special law passed prior to January 1st, 1867, and whose boundaries are coterminous with the boundaries of any city of the fourth class, is hereby authorized to levy a tax of not to exceed thirty-five (35) mills on the dollar for school purposes, exclusive of tax levy for interest on bonded indebtedness, sinking fund or building fund, anything in the special law creating such district or amendments thereto to the contrary notwithstanding."

Appellant contends that the act of 1921 is invalid as special legislation.

"The rules are well settled that classification is primarily a question for the legislature, and that laws enacted by it are presumed to be valid and will not be declared invalid by the courts unless it clearly appears that they transgress some constitutional requirement." State ex rel. Youngquist v. Common School Dist. No. 78, 180 Minn. 44, 47, 230 N. W. 115, 116.

And in State ex rel. Dedina v. School Board, 167 Minn. 421, 422, 209 N. W. 531, this court said:

"In determining whether the basis of a classification made by the legislature in enacting a statute is substantial or fanciful, the court is governed by the rule tersely stated in Minnesota Wheat Growers Assn. v. Huggins, 162 Minn. 471, 483, 203 N. W. 420, 425, as follows: 'The propriety of the classification for the purpose of legislation is primarily for the legislature. We assume that the legislature makes the necessary inquiry and rightly determines the propriety of the classification which it adopts, and we will disturb the legislative determination only when the classification is arbitrary and without reasonable basis.' * * * The fact that the act is not applicable to other counties does not invalidate it unless other counties similarly situated and having like need for similar legislation are arbitrarily excluded. State v. Cloudy & Traverse, 159 Minn. 200, 198 N. W. 457; State v. Delaware Iron Co. 160 Minn. 382, 200 N. W. 475. But if the classification is arbitrary and but another way of naming Rice county, the act cannot be sustained."

The fact, if it be one, that no other school district might ever be affected by the provisions of the act does not necessarily make the law a special one. State v. Cloudy & Traverse, 159 Minn. 200, 198 N. W. 457. That it applied only to districts created by special act prior to 1867 we find reasonable, since those acts were passed when school needs were much more limited than in recent times. That it applied only to such districts coterminous with cities may be justified by the character of property within cities as distinguished from

262

suburban or rural property. The record does not indicate that it excludes districts in the same situation.

Affirmed.

ON APPLICATION FOR REARGUMENT.

On July 14, 1933, the following opinion was filed:

*PER CURIAM.*

Upon petition for reargument it is contended that L. 1921, p. 350, c. 292, is unconstitutional as a modification of Sp. L. 1866, p. 150, c. 29, as amended by Sp. L. 1889, p. 758, c. 132. We do not regard the contention as well founded. The 1921 law is rather a repeal of part of the special law as defined in State ex rel. Stortroen v. Lincoln, 133 Minn. 178, 184, 158 N. W. 50.

We adhere to our former conclusion.

